## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHARI AHRENDSEN and**<br>**BARRY CLEMENT, and**<br>**LISA BUSH on behalf of the World Travel,**<br>**Inc. Employee Stock Ownership Plan, and**<br>**on behalf of a class of all other persons**<br>**similarly situated,** | |
| **Plaintiffs,** | **Case No.: 2:21-cv-02157** |
| **v.** | |
| **PRUDENT FIDUCIARY SERVICES, LLC,**<br>**a California Limited Liability Company,**<br>**MIGUEL PAREDES,**<br>**JAMES A. WELLS,**<br>**JAMES R. WELLS, and**<br>**RICHARD G. WELLS,** | **Honorable Judge Harvey Bartle, III** |
| **Defendants.** | |

## MEMORANDUM OF LAW IN SUPPORT OF
## THE WELLS DEFENDANTS'
## MOTION TO DISMISS AMENDED COMPLAINT

James E. DelBello (ID No. 78638)
HOLLAND & KNIGHT LLP
2929 Arch Street
Philadelphia, PA 19104
P: (215) 252-9524
James.DelBello@hklaw.com

Lynn Calkins (PHV, D.C. Bar No. 445854)
Adam Adcock (PHV, D.C. Bar No. 1672136)
HOLLAND & KNIGHT LLP
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
P: (202) 457-7041
Lynn.Calkins@hklaw.com
Adam.Adcock@hklaw.com

*Counsel for Wells Defendants*          *Counsel for Wells Defendants*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ......................................................................................................................1

PERTINENT BACKGROUND.......................................................................................1

STANDARD OF REVIEW .........................................................................................5

ARGUMENT ............................................................................................................7

    A.    Count IV Should Be Dismissed Because It Fails to State a Claim.......................8

    B.    Count V Should be Dismissed Because It Fails to State Claims Under ERISA § 405(A)(1)-(3)...........................................................................12

CONCLUSION..........................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anselmo v. City of Philadelphia*,
  No. CV 18-5160, 2021 WL 308132 (E.D. Pa. Jan. 29, 2021) ...............................................11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)........................................................................................5, 6, 7, 16

*Askew v. R.L. Reppert, Inc.*,
  902 F. Supp. 2d 676 (E.D. Pa. 2012) ............................................................... *passim*

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)........................................................................................ *passim*

*Blunt v. Lower Merion Sch. Dist.*,
  767 F.3d 247 (3d Cir. 2014)...............................................................................11

*Burtch v. Milberg Factors, Inc.*,
  662 F.3d 212 (3d Cir. 2011)................................................................................6

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009)................................................................................7

*Haley v. Tchrs. Ins. & Annuity Assoc. of Am.*,
  377 F. Supp. 3d 250 (S.D.N.Y. 2019)..................................................................9

*Harmon v. FMC Corp.*,
  No. 16-6073, 2018 WL 1366621 (E.D. Pa. Mar. 16, 2018) ................................16

*Harris Trust and Savings Bank v. Salomon Smith Barney*,
  530 U.S. 238, 120 S.Ct. 2180, 147 L.Ed.2d 187 (2000)....................................9, 10

*Ingris v. Borough of Caldwell*,
  No. 14-855, 2015 WL 3613499 (D.N.J. June 9, 2015)........................................10

*Laborers' Pension Fund v. Arnold*,
  No. 00 C 4113, 2001 WL 197634 (N.D. Ill. Feb. 27, 2001)................................9

*Malleus v. George*,
  641 F.3d 560 (3d Cir. 2011)................................................................................7

*Marshall v. Kelly*,
  465 F. Supp. 341 (W.D. Okl. 1978)....................................................................9

*Morrow v. Balaski*,
　719 F.3d 160 (3d Cir. 2013), *as amended* (June 14, 2013)......................................6

*Perez v. Koresko*,
　86 F. Supp. 3d 293 (E.D. Pa. 2015) ......................................................................16

*Pro. Dog Breeders Advisory Council, Inc. v. Wolff*,
　752 F. Supp. 2d 575 (E.D. Pa. 2010) ......................................................................7

*Reich v. Compton*,
　57 F.3d 270 (3d Cir. 1995)......................................................................................16

*Renfro v. Unisys Corp.*,
　671 F.3d 314 (3d Cir. 2011)......................................................................................6

*Shaw v. Housing Auth. of Camden*,
　No. 11-4291, 2012 WL 3283402 (D.N.J. Aug. 10, 2012) ....................................10

*Spear v. Fenkell*,
　No. CIV.A. 13-02391, 2015 WL 3643571 (E.D. Pa. June 12, 2015) ........... *passim*

*Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v.*
　*Morgan Stanley Inv. Mgmt. Inc.*,
　712 F.3d 705 (2d Cir. 2013)....................................................................................16

*Sweda v. Univ. of Pa.*,
　923 F.3d 320 (3d Cir. 2019)....................................................................................16

*Top v. Ocean Petroleum, LLC*,
　No. CIV 10-1042 .......................................................................................................7

*United States v. Eastwick Coll.*,
　657 F. App'x 89 (3d Cir. 2016) ...............................................................................6

*Vigeant v. Meek*,
　953 F.3d 1022 (8th Cir. 2020) ...............................................................................11

*Watkins v. ITM Recs.*,
　No. CIV.A. 14-CV-01049, 2015 WL 4505954 (E.D. Pa. July 24, 2015)...........6, 10

*Weir v. Nw. Nat. Life Ins. Co.*,
　796 F. Supp. 846 (E.D. Pa. 1992) ...........................................................................8

*Zavala v. Wal Mart Stores Inc.*,
　691 F.3d 527 (3d Cir. 2012)...................................................................................11

**Statutes**

29 U.S.C. § 1002(14) ...................................................................................................3

29 U.S.C. § 1104 ..................................................................................................2

29 U.S.C.A. § 1104(a) ......................................................................................14, 15

29 U.S.C. § 1104(a)(1) .............................................................................3, 12, 13, 14

29 U.S.C. § 1105 ................................................................................................12

29 U.S.C. § 1005(a)(1) ............................................................................3, 12, 13, 15

29 U.S.C. § 1005(a)(2) ......................................................................................13, 14

29 U.S.C. § 1005(a)(3) ............................................................................3, 12, 13, 15

29 U.S.C. § 1106 ................................................................................................2

29 U.S.C. § 1132(a)(3) ........................................................................................2

**Other Authorities**

Fed. R. Civ. P. 9(b) ............................................................................................11

Fed. R. Civ. P. 8 ................................................................................................10

Fed. R. Civ. P. 12(b)(6) ........................................................................................5

Defendants James A. Wells ("Jim Wells"), James R. Wells, and Richard G. Wells (collectively, the "Wells Defendants") respectfully submit this Memorandum in Support of their Motion to Dismiss the Amended Complaint, seeking dismissal of Counts IV and V of Plaintiffs' Amended Complaint (ECF No. 36).

## INTRODUCTION

Although Plaintiffs have added another plaintiff, another law firm, and another count, the allegations continue to fail to state facts sufficient to justify this case moving forward against the Wells Defendants.  Indeed, Plaintiffs' addition of an alternative claim in an attempt to cure the problems with their original single count highlights—rather than cures—the lack of factual support for both counts.  Other than statutory language, Plaintiffs merely offer a handful of innocuous, speculative, and disconnected statements, and such sweeping conclusions fail as a matter of law.

## PERTINENT BACKGROUND

This dispute arises from a December 2017 transaction through which World Travel, Inc. ("World Travel" or the "Company") formed the World Travel Employee Stock Ownership Plan ("ESOP" or the "2017 ESOP Transaction").[1]  Plaintiffs are alleged participants in the ESOP and claim in this putative class action that the 2017 ESOP Transaction violated the Employee Retirement Income Security Act of 1974 ("ERISA").  Specifically, Plaintiffs assert that the ESOP overpaid for the stock it purchased in the transaction.

Through this litigation, Plaintiffs seek to hold liable Prudent Fiduciary Services, LLC, and Miguel Paredes (the "Trustee"), the independent fiduciary engaged to act on behalf of the plan participants in the 2017 ESOP Transaction, for allegedly causing the ESOP to engage in

---

[1] As required, the Wells Defendants are treating these allegations as true for purposes of this motion but will disprove them at an appropriate time.

1

transactions with parties in interest to the ESOP that are prohibited under ERISA, 29 U.S.C. § 1106, and breached its fiduciary duties under ERISA, 29 U.S.C. § 1104.  Plaintiffs include the three Wells Defendants in the lawsuit, contending that they each were directors or selling shareholders who are purportedly liable as non-fiduciary "parties in interest" for knowingly participating in prohibited transactions under ERISA; or, alternatively, liable as co-fiduciaries for the breach of another fiduciary.

To do so, Plaintiffs filed this action on May 11, 2021, including a single count against the Wells Defendants.  In that Count IV, despite naming the Wells Defendants individually, Plaintiffs failed to allege how each Wells Defendant "knew or should have known" the circumstances that rendered the transactions unlawful.  Given those failures, on August 9, 2021, the Wells Defendants moved to dismiss the Complaint as to them.

Instead of opposing that motion, apparently recognizing their pleading failures, on August 30, 2021, Plaintiffs amended their complaint, adding a new party, a new count, and a few allegations based on a confidential source.  Those new allegations continue to fail to state a claim and continue to fail to give each Wells Defendant adequate notice of the specific claims against them.

As pointed out in the initial Motion to Dismiss, Plaintiffs' substantive factual allegations as to the Wells Defendants remain *de minimis*.  In Count IV, Plaintiffs attempt to allege that the Wells Defendants, as non-fiduciaries, were parties in interest who knowingly participated in prohibited transactions under ERISA, 29 U.S.C. § 1106, and that Plaintiffs are entitled to "appropriate equitable relief including disgorgement of any profits" under 29 U.S.C. § 1132(a)(3). Am. Compl. ¶¶110-117.  In Count V, flipping their theory, Plaintiffs allege that the Wells Defendants, as co-fiduciaries, (i) participated knowingly in a breach by another fiduciary, knowing

it was a breach; (ii) enabled another fiduciary to commit breach by their failures to comply with 29 U.S.C. § 1104(a)(1); and/or (iii) had knowledge of a breach by another fiduciary. *See* Am. Compl. ¶¶119-121, 124, 126.

In so pleading, Plaintiffs restate the statutory language and throw in a handful of innocuous statements paired with conclusions, recognizing that they need further investigation for these assumptions. For example, Plaintiffs assert that Defendant Jim Wells was "centrally involved" in the sale of World Travel and, restating the statutory language, that the Wells Defendants were either "10 percent or more shareholders directly or indirectly of World Travel," "sold, exchanged or transferred World Travel stock to the Plan, directly or indirectly," or "were parties in interest to the Plan under ERISA § 3(14), 29 U.S.C. § 1002(14), as 10 percent or more shareholders, directly or indirectly, of World Travel, and/or as directors, and/or as officers or individuals having powers or responsibilities similar to those of officers." Am. Compl. ¶62.

Even assuming the truth of Plaintiffs' allegations about whether each of the Wells Defendants were directors at the time of the transaction, Plaintiffs provide no particularity about how each of those individuals purportedly "knowingly participated" other than to assume that, as alleged directors and selling shareholders, the Wells Defendants "were aware of sufficient facts that the ESOP Transaction constituted a prohibited transaction with parties in interest." Am. Compl. ¶¶ 114, 115. Moreover, Plaintiffs provide no factual particularity for any of the circumstances delineated under 29 U.S.C. § 1105(a)(1)-(3), ERISA § 405(a)(1)-(3).

Once stripped of labels and conclusions, the sum of the facts that Plaintiffs allege against the Wells Defendants are:

- The Wells Defendants once owned World Travel, Inc. Am. Compl. ¶31.

- The Wells Defendants had the power to appoint and remove the Trustee and Plan

3

Administrator. Am. Compl. ¶30.

- On or about December 20, 2017, the Wells Defendants allegedly sold their shares of common stock to the ESOP as part of the ESOP Transaction.  Am. Compl. ¶56.

- Defendant Jim Wells was the Chairman of the Board of Directors prior to, and at the time of ESOP Transaction, and remains in that role today. Am. Compl. ¶60.

- Defendant Jim Wells was involved in the sale of World Travel to the Plan. Am. Compl. ¶62.

- The Board of Directors had the power to appoint and remove the Trustee and Plan Administrator.  Am. Compl. ¶63.

- Defendant Jim Wells purportedly stated that "our board of directors and management team remains in place," "I'm not going anywhere," and that a senior leadership plan was in place.  Am. Compl. ¶¶65, 66.

- Beyond the above statements from Jim Wells, there is a confidential witness who is speculating about what two of the Wells Defendants purportedly knew. Specifically:

  o Confidential Witness 1 understands that Defendant Richard G. Wells "wanted to monetize his interest in the company" but the Wells Defendants did not want to sell their life's work to an unaffiliated third-party. Am. Compl. ¶64.

  o Confidential Witness 1 concludes that Defendant Jim Wells exercised control over most aspects of World Travel's operations. Am. Compl. ¶61.

  o Confidential Witness 1 understands that Defendant Jim Wells was aware of revenue-sharing agreements with clients and "instructed that World Travel

4

employees should not follow up on amounts due to clients unless the client brought it up." Am. Compl. ¶68.

- Plaintiffs offer no specific allegations whatsoever about what James R. Wells purportedly knew.

From these bare, disconnected allegations, Plaintiffs leap to the conclusion that discovery will likely reveal that all three of the Wells Defendants (one of which they offer no basis at all) were either non-fiduciary parties in interest or co-fiduciaries who acted in violation of ERISA. Am. Compl. at ¶62. Despite this conclusion, Plaintiffs admit that many of the paragraphs in the Amended Complaint are dependent on further investigation, e.g., costly discovery to the Wells Defendants. (Am. Compl. at Introduction, ¶¶ 58, 62, 67, 69, 71, 72, 77).

Even including blanket assertions, conclusions, and hearsay regarding innocuous business statements, Plaintiffs fundamentally have not alleged a modicum of factual support to show knowing participation for non-fiduciary liability under Count IV or the statutory elements for co-fiduciary liability under Count V.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "sufficient factual matter" that is "plausible on its face" that she is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In assessing a particular claim, the allegations must provide "more than labels and conclusions," and neither a "formulaic recitation of the elements of a cause of action" nor a "blanket assertion of entitlement to relief" will suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 n.3 (2007); *see also Renfro v. Unisys Corp.*, 671 F.3d 314, 320–21 (3d Cir. 2011) (applying *Twombly* to conclude blanket assertions of entitlements to relief and conclusory statements regarding ERISA co-fiduciary status are insufficient).

A restatement of the legal elements of the claim couched as factual allegations is not enough. *Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 224 (3d Cir. 2011). This Court should not "accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013), *as amended* (June 14, 2013). Indeed, the "Third Circuit Court of Appeals has made clear that after *Iqbal* 'conclusory' or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Watkins v. ITM Recs.*, No. CIV.A. 14-CV-01049, 2015 WL 4505954, at *2 (E.D. Pa. July 24, 2015).

"[W]hen pleading on information and belief, 'boilerplate and conclusory allegations will not suffice' and the plaintiffs must make 'factual allegations that make their theoretically viable claim plausible.'" *United States v. Eastwick Coll.*, 657 F. App'x 89, 95 (3d Cir. 2016). This is true in ERISA cases even when the plaintiff may not have as much information as the defendant. *See also Askew v. R.L. Reppert, Inc.*, 902 F. Supp. 2d 676, 684 (E.D. Pa. 2012) (holding "minimal factual allegations" and broad assertions of liability fail to state enough); *Spear v. Fenkell*, No. CIV.A. 13-02391, 2015 WL 3643571, at *2-3, 9 (E.D. Pa. June 12, 2015) (granting motion to dismiss counterclaim where it was alleged that defendants have particular knowledge because of their roles—as "the reader is left guessing" as to how mere status as a party in interest shows either knowledge or participation). Instead, a claim has facial plausibility only when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" which "asks for more than a sheer possibility that a defendant has

acted unlawfully." *Pro. Dog Breeders Advisory Council, Inc. v. Wolff*, 752 F. Supp. 2d 575, 583 (E.D. Pa. 2010) (citing *Twombly* and *Iqbal*).

Until such time that a plaintiff is able to allege enough facts to make a claim plausible, the Could should not impose discovery burdens upon the defendant. *See Top v. Ocean Petroleum, LLC*, No. CIV 10-1042 JBS/AMD, 2010 WL 3087385, at *4–5 (D.N.J. Aug. 3, 2010).

Consistent with these principles, this Court must undertake the following three-part inquiry when determining whether Plaintiffs have carried their pleading burden under *Twombly* and *Iqbal*: (1) identify the elements of Plaintiffs' claims; (2) review the Complaint to strike conclusory allegations; and then (3) look at the well-pleaded factual components of the Complaint and evaluate whether all of the elements identified in part one of the inquiry are sufficiently alleged and supported. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

The claims against the Wells Defendants will not survive when this inquiry is conducted.

## <u>ARGUMENT</u>

Plaintiffs have failed to cure the deficiencies raised in the original Motion to Dismiss, and the two counts of Plaintiffs' Amended Complaint against the Wells Defendants should be dismissed. Not only does the Amended Complaint still fail to allege facts to meet the elements of the myriad legal theories Plaintiffs assert against each of the Wells Defendants, but it fails to allege *any* non-conclusory, particularized, relevant facts specifically regarding Defendants James R. Wells or Richard G. Wells.

A.      **Count IV Should Be Dismissed Because It Fails to State a Claim.**

Count IV of the Amended Complaint remains as insufficiently pled as in the original Complaint, and the few added allegations fail to establish a claim of relief against all three of the Wells Defendants.

In order to adequately state a claim for relief against a non-fiduciary under ERISA, a plaintiff must allege that the non-fiduciary knowingly participated in a breach of trust with a fiduciary. *Weir v. Nw. Nat. Life Ins. Co.*, 796 F. Supp. 846, 848 (E.D. Pa. 1992). Conclusively alleging that an ESOP party in interest "had knowledge of the actions . . . that allegedly constituted breaches of ERISA fiduciary duty" is insufficient. *Spear* at *9.

As a threshold matter, Count IV of the Amended Complaint hedges the allegation in Count IV that the Wells Defendants knew or should have known that "the ESOP Transaction was for above fair market value[.]" and replaces it with the assertion that "they were directors and 10% or more shareholders of World Travel or otherwise parties in interest[.]" *Compare* Compl. ¶105 *with* Am. Compl. ¶114. Relying on an individual's role within the company, however, is insufficient to state a non-fiduciary claim. As recognized by Judge Lloret:

> This falls short of a "knowing participation" claim under *Harris Trust and Savings Bank v. Salomon Smith Barney,* 530 U.S. 238, 120 S.Ct. 2180, 147 L.Ed.2d 187 (2000), for a number of reasons.
>
> First, a "knowing participation" claim involving a non-fiduciary must involve a "prohibited transaction." *Id.* at 241. Defendants have not alleged the transactions in which the two entities were involved, nor have they explained why the transactions were prohibited. *Twombly* demands much more. 550 U.S. at 555.
>
> Second, the only allegation of knowledge is somehow derived from the entities' status as "parties in interest." One becomes a party in interest by being an "employer any of whose employees are covered by" an ESOP plan. 29 U.S.C. § 1002(14)(C). How this relates to the kind of knowledge of a prohibited transaction that might make one

> liable under *Harris Trust,* the reader is left guessing. This is the kind
> of conclusory allegation *Twombly* forbids. 550 U.S. at 555.
>
> Third, one has to *participate* in a transaction to be liable
> under *Harris Trust.* Paragraph 29 alleges the two entities did not
> make an effort to remedy breaches of trust and did not mention them
> to others. This may demonstrate an unfortunate lack of pluck, but it
> does not amount to participation.
>
> I will dismiss the second counterclaim against AHI and AH
> Transition.

*Spear*, at \*9–10 (emphasis and paragraph breaks added).  Plaintiffs fail to allege how, aside from being in their roles as directors, Defendants Jim Wells, James R. Wells, and Richard G. Wells knowingly participated in an alleged breach by another fiduciary.  *See* Am. Compl. ¶¶30, 31.

The Court's holding in *Spear* is not unique.  Multiple other jurisdictions follow the same logic.  *See e.g. Haley v. Tchrs. Ins. & Annuity Assoc. of Am.*, 377 F. Supp. 3d 250, 264 (S.D.N.Y. 2019) (holding, in pertinent part, that "*Harris* generally requires plaintiffs to plausibly allege that non-fiduciary transferee defendants . . . knew the factual circumstances underlying the transaction that are relevant to the application of § 406(a)."); *Laborers' Pension Fund v. Arnold*, No. 00 C 4113, 2001 WL 197634, at \*8 (N.D. Ill. Feb. 27, 2001) ("The case law, however, suggests that Plaintiffs must allege that the plan fiduciaries were aware not only of the defendant's party-in-interest status, but also the unlawful nature of the transaction."); *Marshall v. Kelly*, 465 F. Supp. 341, 351 (W.D. Okl. 1978) (examining separately fiduciaries' awareness of party-in-interest affiliation and knowledge of prohibited nature of transaction).

Plaintiffs here have alleged no more than the plaintiff in *Spear*.  In fact, Plaintiffs merely allege "The Selling Shareholders were parties in interest to the Plan," "The Selling Shareholders knew or should have known" that the Trustee allegedly caused the Plan to engage in prohibited transactions, "The Selling Shareholders were aware of sufficient facts that the ESOP Transaction

9

constituted a prohibited transaction," "The Selling Shareholders have profited from the prohibited

transactions in an amount to be proven at trial," and as such "The Selling Shareholders are subject

to appropriate equitable relief including disgorgement of any profits."  (Am. Compl. at ¶¶ 113-

117). Just as in *Spear*, "[h]ow [these allegations] relate[] to the kind of knowledge of a prohibited

transaction that might make one liable under *Harris Trust,* the reader is left guessing.  This is the

kind of conclusory allegation *Twombly* forbids." *Spear* at *9-10.

Further, this type of "group pleading" does not satisfy Rule 8, because it does not place the

Wells Defendants on notice of the claims against each of them.  *See Watkins,* 2015 WL 4505954

at *3*; Ingris v. Borough of Caldwell*, No. 14-855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015)

("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what

each particular defendant is alleged to have done, he has engaged in impermissibly vague group

pleading."); *Shaw v. Housing Auth. of Camden*, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J.

Aug. 10, 2012) (dismissing complaint because it failed to contain allegations showing how

each defendant was liable and noting that, "[e]ven under the most liberal notice pleading

requirements of Rule 8(a), a plaintiff must differentiate between defendants.").

Without any specificity as to the purported actions or inactions of the Wells Defendants

themselves, it is impossible to untangle Plaintiffs' specific theory of liability against each

individual Wells Defendant.

Moreover, Plaintiffs' introduction of statements from a confidential source further fails to

cure the pleading failure.  Plaintiffs allege that the source understands Richard G. Wells "wanted

to monetize his interest in the company" he spent decades building—even as the Wells Defendants

allegedly "did not want to divest their control of it by selling to an unaffiliated third-party," so they

"maintained control of the company in part through their power to appoint and remove the Trustee

[and] Plan Administrator[.]"   Am. Compl. ¶¶31, 61-64.   Plaintiffs further allege that an investigation may reveal that "World Travel did not fully report the scale of [ ] liabilities" that existed.  Am. Compl. ¶68, 69.[2]

Plaintiffs' additions in the Amended Complaint are pure hearsay and speculation, not factual evidence.[3]  Am. Compl. ¶¶61, 62, 64, 68, 69. *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 539 (3d Cir. 2012) ("The complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'"); *Anselmo v. City of Philadelphia*, No. CV 18-5160, 2021 WL 308132, at *11 (E.D. Pa. Jan. 29, 2021) ("[A]side from Plaintiff's speculation—based purely on hearsay—that [a workplace superior took an adverse employment action] the record is devoid of any evidence supporting this allegation."); *see also Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 298–99 (3d Cir. 2014) (affirming that "selective and misleading" testimony not based on anything witnessed firsthand was hearsay of others and personal beliefs, insufficient to create a genuine issue of material fact for summary judgment and incurable for use at trial).

The key is that even if Plaintiffs were able to deduce admissible factual evidence along these lines, nowhere do Plaintiffs allege with any degree of factual specificity that Defendants Jim Wells, James R. Wells, and/or Richard G. Wells *knew* about a particular *breach* by a fiduciary and *participated* in it.  *Cf. Spear*, at *9–10 (emphasis added).

---

[2] If Plaintiffs are attempting to allege that any of the Wells Defendants committed fraud, thereby breaching a fiduciary duty, they must allege those circumstances with particularity, as required by Fed. R. Civ. P. 9(b). *Vigeant v. Meek*, 953 F.3d 1022, 1026–27 (8th Cir. 2020) (concluding Rule 9(b) applies to a breach of fiduciary duty claim when the alleged conduct constituting breach is a commission of fraud).  Plaintiffs have not met this standard.

[3] Although hearsay statements may be used by Plaintiffs in their Complaint and the Wells Defendants do not challenge the allegations on that basis at the motion to dismiss stage, Plaintiffs' reliance on those statements highlights the lack of any genuine factual support for the allegations.

As a result, Plaintiffs have done little more than sprinkle some tantalizing, inadmissible assertions to attempt to prop up a complaint comprised of boilerplate statutory legalese and conclusions that could be stated against almost any director of any company engaged in an ESOP transaction.  This generalized pleading is insufficient to state a claim, and Count IV should be dismissed.

**B.      Count V Should be Dismissed Because It Fails to State Claims Under ERISA § 405(a)(1)-(3).**

Count V to the Amended Complaint should similarly be dismissed, because Plaintiffs have failed to state a claim for co-fiduciary liability against the Wells Defendants under 29 U.S.C. § 1105(a)(1)-(3), ERISA § 405(a)(1)-(3).[4] Am. Compl. ¶¶124, 126.

To pursue a claim for liability based on the breach of a co-fiduciary pursuant to 29 U.S.C. § 1105(a)(1),(3), a plaintiff must allege that the defendant had *actual knowledge* of a fiduciary breach. *Askew*, 902 F. Supp. at 687 (citing *Renfro*, 671 F.3d at 324) (emphasis added). Specifically, "the fiduciary must know the other person is a fiduciary with respect to the plan, must know that

---

[4] Plaintiffs now assert liability under three statutory circumstances, ERISA § 405(a)(1)-(3):

a) Circumstances giving rise to liability. In addition to any liability which he may have under any other provisions of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:

(1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;

(2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or

(3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C.A. § 1105 (West).

he participated in the act that constituted a breach, and must know that it was a breach." *Askew*, 902 F. Supp. at 687 (citing *Renfro*, 671 F.3d at 324, citing *Donovan v. Cunningham*, 716 F.2d 1455, 1475 (5th Cir. 1983)). To establish a claim for breach of a fiduciary duty, the plaintiff must aver some acts or omissions by an ERISA fiduciary in violation of the fiduciary's duties. *Id.* at 686. *See also* 29 U.S.C. § 1104(a)(1).   And, to pursue a claim for liability against one fiduciary based upon the breach by a second co-fiduciary under 29 U.S.C. § 1105(a)(2), a plaintiff must aver sufficient factual matter to support a reasonable inference that the first fiduciary's breach *caused* his co-fiduciary to also commit a breach. *Id.* at 687 (citing *Renfro,* 671 F.3d at 324) (emphasis added).

The co-fiduciary liability claims asserted in Count V against the Wells Defendants rest on the same conclusory allegations as the non-fiduciary claims, and fail for the same reasons.

*First*, Plaintiffs allege that the Wells Defendants violated ERISA § 405(a)(1), 29 U.S.C. § 1005(a)(1), where a co-fiduciary is liable for the breach of fiduciary responsibility of another fiduciary if he "participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach." Am. Compl. ¶119.  But as described *supra*, Section A, Plaintiffs have fundamentally not alleged with any degree of factual specificity—even with blanket assertions, legal conclusions, and assumptions pending investigation—that Defendants Jim Wells, James R. Wells, and/or Richard G. Wells had "actual knowledge" of a fiduciary breach through *knowingly participating in* or undertaking to conceal a *known breach* by another fiduciary. *Askew*, 902 F. Supp. at 687 (citing *Renfro*, 671 F.3d at 324, citing *Donovan* at 1475) (emphasis added).  As such, the law requires dismissal of Count V as to ERISA § 405(a)(1), 29 U.S.C. § 1005(a)(1).

*Second*, Plaintiffs allege that the Wells Defendants violated ERISA § 405(a)(2), 29 U.S.C.

§ 1005(a)(2), where a co-fiduciary is liable for the breach of fiduciary responsibility of another fiduciary if, "by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach." Am. Compl. ¶120. Plaintiffs plainly have not "aver[red] sufficient factual matter to support a reasonable inference that that the first fiduciary's breach caused his co-fiduciary to also commit a breach." *Askew,* 902 F. Supp. at 687 (citing *Renfro* at 324 n. 5).

It is telling that Plaintiffs failed to directly allege a "failure to comply with section 1104(a)(1)" as expressly called for in ERISA § 405(a)(2), 29 U.S.C. § 1005(a)(2). Indeed, Plaintiffs only offer more carefully crafted assumptions and conclusions: alleging the Wells Defendants are ERISA fiduciaries because they had the power to appoint the Trustee; that Defendant Richard G. Wells "wanted to monetize his interest" (as if that were not one of the primary objectives behind any ESOP transaction); that a Confidential Witness #1 allegedly understands that Defendant Jim Wells knew about World Travel, Inc., liabilities; and speculates that *further investigation may reveal* that there was not a control discount and World Travel, Inc., potentially may not have fully reported those liabilities Jim Wells allegedly knew of. Am. Compl. ¶¶30, 64, 67-69. Plaintiffs allege that "World Travel did not fully report the scale of these liabilities, or have reserves on hand to cover them," yet Plaintiffs still offer no actual facts—related to the claims against the Wells Defendants themselves, or otherwise. Am. Compl. ¶69.

Flatly, Plaintiffs have not alleged to any degree of factual specificity that Defendants Jim Wells, James R. Wells, and/or Richard G. Wells 1) failed to comply with 29 U.S.C.A. § 1104(a) in such a way to 2) *cause* a co-fiduciary to also commit a breach. *Askew*, 902 F. Supp. at 687 (citing *Renfro*, 671 F.3d at 324 n. 5) (emphasis added). The closest Plaintiffs get is through a series of assumptions that could be written into any ERISA complaint: "given their involvement

in the ESOP Transaction, their positions as directors, their appointment of the Trustee, the Selling Shareholders knew or should have known . . . and enabled the Trustee's fiduciary breach by themselves failing to monitor[.]"  Am. Compl. ¶123.  This is a series of conclusions that offer no facts of any conduct or causation, and is insufficient.  *Askew* at 684-685 (holding that alleging third-party defendants were hired to "establish, administer, and maintain the Plans" and "broadly asserting" that they "were instrumental in establishing, administering, and/or maintaining the Plans" were too "minimal factual allegations"  to "even draw reasonable inferences" from for purposes of, there, establishing ERISA fiduciary status.).  Moreover, such an interpretation of this statute would swallow any meaningful distinction between 9 U.S.C. § 1105(a)(1)-(3), ERISA § 405(a)(1)-(3).  There simply is not an allegation that any of the Wells Defendants failed to comply with 29 U.S.C.A. § 1104(a) in such a way to *cause* a co-fiduciary to also commit a breach. *Askew* at 687.

*Third*, Plaintiffs allege that the Wells Defendants violated ERISA § 405(a)(3), 29 U.S.C. § 1005(a)(3), where a co-fiduciary is liable for the breach of fiduciary responsibility of another fiduciary if he "has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach." Am. Compl. ¶126.  Again, Plaintiffs have failed to sufficiently allege that Defendants Jim Wells, James R. Wells, and/or Richard G. Wells "had *actual* knowledge of fiduciary breach" and "kn[e]w that it *was* a breach."  *Askew*, 902 F. Supp.  at 687 (citing *Renfro*, 671 F.3d at 324) (emphasis added). Defendant Jim Wells allegedly having knowledge of alleged liabilities held and *possibly* not fully reported by World Travel, Inc., and  Defendant  Richard  G.  Wells  having  an  interest  in  "monetiz[ing]"  his  life's  work,  is fundamentally not a factual averment indicating actual knowledge of a known breach by the Trustee. Am. Compl. ¶64, 68.

In fact, Plaintiffs' claim against the Wells Defendants must fail because the other counts of Plaintiffs' Amended Complaint fail to sufficiently state a claim for any predicate breach of fiduciary duty by another fiduciary. Plaintiffs have not plausibly alleged that the Trustee acted without "an eye single to the interests of the participants and beneficiaries of the plan." *Reich v. Compton*, 57 F.3d 270, 291 (3d Cir. 1995); *see Perez v. Koresko*, 86 F. Supp. 3d 293, 383 (E.D. Pa. 2015). Nor have Plaintiffs alleged any facts regarding another fiduciary's actual imprudence or decision-making. *Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 718 (2d Cir. 2013); *Sweda v. Univ. of Pa.*, 923 F.3d 320, 332 (3d Cir. 2019) (citing that a claim alleging a breach of fiduciary duty may survive a motion to dismiss if the court, based on circumstantial factual allegations, may reasonably infer from what is alleged that the process was flawed); *Harmon v. FMC Corp.*, No. 16-6073, 2018 WL 1366621, at *5 (E.D. Pa. Mar. 16, 2018) (to survive a motion to dismiss, a plaintiff must allege facts that support a finding that the defendant's process was flawed).

None of the Plaintiffs' co-fiduciary liability claims plead "enough facts to state a claim to relief that is plausible on its face" as required by *Iqbal* and *Twombly*. Indeed, as explained above, Plaintiffs have failed to plead any facts that would give rise to a reasonable inference that the Wells Defendants had *any* actual knowledge of the Trustee's alleged fiduciary breaches. As such, Count V should be dismissed.

## CONCLUSION

For the foregoing reasons, the Wells Defendants respectfully submit that the Court should dismiss Counts IV and V of Plaintiffs' Amended Complaint against the Wells Defendants.

Dated: September 23, 2021

Respectfully submitted,

HOLLAND & KNIGHT LLP

By:   */s/ Lynn E. Calkins*

James E. DelBello (ID No. 78638)
HOLLAND & KNIGHT LLP
2929 Arch Street
Philadelphia, PA 19104
P: (215) 252-9524
James.DelBello@hklaw.com

Lynn Calkins (PHV, D.C. Bar No. 445854)
Adam Adcock (PHV, D.C. Bar No. 1672136)
HOLLAND & KNIGHT LLP
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
P: (202) 457-7041
Lynn.Calkins@hklaw.com
Adam.Adcock@hklaw.com

*Counsel for Wells Defendants*

*Counsel for Wells Defendants*

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 23rd day of September, 2021, a copy of the foregoing was served via this Court's electronic filing system on all parties of record by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Lynn E. Calkins*
Lynn E. Calkins