## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHARI AHRENDSEN and**<br>**BARRY CLEMENT, and**<br>**LISA BUSH on behalf of the World Travel,**<br>**Inc. Employee Stock Ownership Plan, and**<br>**on behalf of a class of all other persons**<br>**similarly situated,** | |
| **Plaintiffs,** | **Case No.: 2:21-cv-02157** |
| **v.** | |
| **PRUDENT FIDUCIARY SERVICES, LLC,**<br>**a California Limited Liability Company,**<br>**MIGUEL PAREDES,**<br>**JAMES A. WELLS,**<br>**JAMES R. WELLS, and**<br>**RICHARD G. WELLS,** | **Honorable Judge Harvey Bartle, III** |
| **Defendants.** | |

## WELLS DEFENDANTS' REPLY IN SUPPORT OF
## MOTION TO DISMISS FIRST AMENDED COMPLAINT

James E. DelBello (ID No. 78638)
HOLLAND & KNIGHT LLP
2929 Arch Street
Philadelphia, PA 19104
P: (215) 252-9524
James.DelBello@hklaw.com

Lynn Calkins (PHV, D.C. Bar No. 445854)
Adam Adcock (PHV, D.C. Bar No. 1672136)
HOLLAND & KNIGHT LLP
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
P: (202) 457-7041
Lynn.Calkins@hklaw.com
Adam.Adcock@hklaw.com

*Counsel for Wells Defendants*

*Counsel for Wells Defendants*

<u>TABLE OF CONTENTS</u>

ARGUMENT ...........................................................................................................................1

   A.     Plaintiffs acknowledge they have no specific allegations against Defendant James
         R. Wells so the Complaint against him should be dismissed. ..........................................1

   B.     Plaintiffs fail to allege sufficient facts to demonstrate actual or constructive
         knowledge of a prohibited transaction so Count IV should be dismissed. .....................2

   C.     Count V should also be dismissed. .................................................................................6

CONCLUSION.......................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)................................................................................................2

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)............................................................................................2, 6

*Coda v. Constellation Energy Power Choice, LLC,*
    409 F. Supp. 3d 296 (D.N.J. 2019) .......................................................................7

*Curry v. Devereux Found.,*
    No. CV 21-18, 2021 WL 2072216 (E.D. Pa. May 24, 2021) .................................6

*Haley v. Tchrs. Ins. & Annuity Assoc. of Am.,*
    377 F. Supp. 3d 250 (S.D.N.Y. 2019)...................................................................1

*Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.,*
    530 U.S. 238 (2000).......................................................................................1, 2, 5

*Renfro v. Unisys Corp.,*
    671 F.3d 314 (3d Cir. 2011)...............................................................................6, 7

*Spear v. Fenkell,*
    No. CIV.A. 13-02391, 2015 WL 3643571 (E.D. Pa. June 12, 2015)...............1, 3, 4

**Statutes**

ERISA § 3(14), 29 U.S.C. § 1002(14)................................................................................2

ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1).......................................................................6

ERISA § 405(a)(2), 29 U.S.C. § 1105(a)(2).......................................................................6

ERISA §§ 406(a)(1)(A) and (D), 29 U.S.C. §§ 1106(a)(1)(A) and (D) ...........................2

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).......................................................................3

Defendants James A. Wells ("Jim Wells"), James R. Wells, and Richard G. Wells (collectively, the "Wells Defendants") respectfully submit this Reply in Support of their Motion to Dismiss the Amended Complaint, seeking dismissal of Counts IV and V of Plaintiffs' Amended Complaint (ECF No. 45).

## ARGUMENT

**A.  Plaintiffs acknowledge they have no specific allegations against Defendant James R. Wells so the Complaint against him should be dismissed.**

At the bottom of the fifth page of Plaintiffs' Opposition to the Wells Defendants' Motion to Dismiss the First Amended Complaint, Plaintiffs recognize the sum of "alleged specific actions" at issue which purportedly provide the factual basis for proceeding against the Wells Defendants. (Wells Opposition, Dkt. 52 at 5.)  Plaintiffs identify nothing with respect to James R. Wells.

Plaintiffs understand that, "in the ERISA context, 'the transferee must be demonstrated to have had actual or constructive knowledge of the circumstances that rendered the transaction unlawful.'"  Wells Opp. at 4 (emphasis added) (citing *Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 251 (2000), *Spear v. Fenkell*, No. CIV.A. 13-02391, 2015 WL 3643571, at *15 (E.D. Pa. June 12, 2015) (applying *Harris Trust*); *Haley v. Tchrs. Ins. & Annuity Assoc. of Am.*, 377 F. Supp. 3d 250, 261 (S.D.N.Y. 2019) (holding that "the most natural reading of 'actual or constructive knowledge of the circumstances that rendered the transaction unlawful' requires knowledge of the underlying factual circumstances relevant to lawfulness[.]").

But when Plaintiffs come forward with three sentences to clarify and assert the "alleged specific actions" against the Wells Defendants, contrary to the requirements of the *Harris Trust* case, Defendant James R. Wells is not included.  Wells Opp. at 5-6 (". . . Plaintiffs have alleged specific actions by Jim Wells and Richard Wells that further demonstrate close awareness of the Transaction's details.").  From the Amended Complaint, the reader knows *nothing* about

Defendant James R. Wells other than that he was allegedly a selling shareholder, director, and founder of World Travel, Inc.

If this were "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" against Defendant James R. Wells under Counts IV and V, then any selling shareholder or director participating in an ESOP transaction would be subject to a claim for knowing participation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This is an impossible interpretation of *Twombly*, *Harris Trust*, and ERISA.

Given that Plaintiffs have failed to allege sufficient factual matter to state a claim against Defendant James R. Wells, the Amended Complaint, and specifically Counts IV and V, should be dismissed as to him.

**B.     Plaintiffs fail to allege sufficient facts to demonstrate actual or constructive knowledge of a prohibited transaction so Count IV should be dismissed.**

Plaintiffs' Opposition makes the shortcomings of Count IV clear.  Plaintiffs are tasked with alleging factual matter sufficient to satisfy *Twombly* and to demonstrate that each of the Wells Defendants had actual or constructive knowledge of the underlying factual circumstances which render a transaction unlawful under ERISA §§ 406(a)(1)(A) and (D), 29 U.S.C. §§ 1106(a)(1)(A) and (D).  Wells Opp. at 4 (citations omitted).

Under ERISA, a "party in interest" is defined, in pertinent part, as a "director[,] or a 10 percent or more shareholder directly or indirectly[.]"  ERISA § 3(14), 29 U.S.C. § 1002(14). Plaintiffs simply parrot that statutory language back to the Court as the purported factual basis for the allegations.  Wells Opp. at 2, 4, 5, 6, 9 ("Plaintiffs' do not need to verbatim repeat their specific theories against the Wells Defendants in individual counts because Plaintiffs' theory is the same for each of them: though the men *may have had greater or lesser involvement in the Transaction*,

each was a 10 percent or more shareholder, directly or indirectly, of World Travel and was a party in interest to the prohibited transaction. Thus, each man has liability under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), for knowing participation in the ESOP Transaction.") (emphasis added).

Making conclusory allegations based on the titles held by the individuals, Plaintiffs repeatedly contend that "[t]he Wells Defendants were each aware of the prohibited transaction because they were all directors of World Travel at the time of the ESOP Transaction" and that "the Wells Defendants, given their positions as board members, executives, and main shareholders, must have known the basic facts of the ESOP Transaction[.]"  Wells Opp. at 5, 4.

In an attempt to deflect the fact that the case law supports a dismissal of these allegations, Plaintiffs misconstrue the holding in the *Spear* case.  A review of that case, however, makes clear that dismissal is warranted.  In *Spear*, there are different claims based on the multiple transactions at issue; some survived the motion to dismiss and others that did not.  Plaintiffs' allegations here are far more analogous to the allegations that the *Spear* court dismissed, and Plaintiffs' attempt to gloss over that is unsuccessful.

The *Spear* court allowed claims to proceed for "facilitating [the allegedly unlawful] transactions" where the plaintiffs alleged that the named trustee, an "officer or former member of the board of directors" "exercised discretionary authority and control over the management of the ESOP, disposition of ESOP assets, and administration of the ESOP . . . . through 'the operation of the eligibility and vesting provisions of the ESOP, the determination of participant claims, and other matters involving the administration of the Alliance ESOP' . . . . [and] was the primary point of contact for ESOP participants and worked on ESOP compliance matters with counsel."  *Spear*, 2015 WL 3643571, at *8-9.  The *Spear* court concluded that a knowing-participation claim can proceed when the trustee allegedly was "communicating with the [parties]…,   maintaining

sufficient payroll to satisfy regulatory requirements germane to the [] transactions, and marketing, negotiating and structuring option contracts to buy companies that would nominally increase payroll to satisfy regulatory requirements." *Id*. at *10.[1]

In contrast, the *Spear* court repeatedly concluded more facts were necessary when the allegations asserted that the named trustee was a party in interest who knowingly participated in other purported breaches but no such facts were alleged. Specifically, the Court concluded:

> *As to any other transactions*, the allegations of Ms. Spear's "knowing participation" fall short of the plausibility standard required under *Twombly. Id.* The allegations are the kind of conclusory allegations I need not take into account: "In their capacity as Alliance ESOP fiduciaries, Alliance and Barbie Spear knowingly participated in all actions in the First Amended Complaint and in the *Chesemore* Case that have been alleged to constitute alleged breaches of ERISA fiduciary duty by David Fenkell." Doc. No. 214, at 17, ¶ 39. *See Fowler,* 578 F.3d at 210– 11. *The pleading does not contain facts showing how Spear, as a party in interest, participated-much less knowingly participated-in the variety of breaches and alleged breaches recounted in the amended complaint.* To make out a contribution claim defendants have to plausibly allege that Ms. Spear committed a joint tort with Mr. Fenkell. If the chosen theory of liability is *Harris Trust,* defendants have to allege facts showing how Spear knowingly participated in prohibited transactions. They have failed to do so, except with respect to the Stonehenge transactions. I will dismiss the third-party contribution claims against Ms. Spear, except for those arising out of the Stonehenge transactions.

*Spear*, 2015 WL 3643571, at *10 (emphasis added).

Here, the factual allegations against the Wells Defendants are bald conclusions derived from their titles paired with a handful of innocuous, disconnected statements about Jim Wells and

---

[1] In another section of *Spear*, the Court did deny the motion to dismiss where the named trustee received "a number of seemingly mundane" "presumptively prohibited transfers, for which no exception exists" that were "illegal kickbacks"—allegations that showed Spear knew of the facts and well-beyond those allegations asserted here. *Spear*, 2015 WL 3643571, at *14-15.

Richard G. Wells that do not anywhere indicate knowing-participation in a prohibited transaction for *Harris Trust* liability.

Plaintiffs further attempt to distance themselves from the law by offering three pages of fact-specific distinctions regarding group pleading that again seek to evade the thrust of the Wells' Motion to Dismiss.  Wells Opp. at 7-10.  Despite Plaintiffs' assertion that "each man's individual actions is laid out in detail, such as describing Jim Wells' expansive role as the Chairman of the Board of Directors and specific statements he made,"  Wells Opp. at 8, a review of the Amended Complaint makes clear that those paragraphs contain *de minimis* "specific allegations" of "each man's individual actions" and instead seek to leap improperly from their titles to an assumption of knowledge.

And, although Plaintiffs allege that further investigation will likely reveal that Jim Wells played a central role in the ESOP Transaction, that he made two statements about leadership, and that a confidential witness understood that Richard G. Wells considered an ESOP, there is nothing unlawful about any of those purported actions.  *Harris Trust* requires more to allow the claim to proceed.

Finally, Plaintiffs misconstrue Defendants' argument with respect to Plaintiffs' use of hearsay in the Amended Complaint.  As noted in their Motion, the Wells Defendants expressly stated they did not challenge the use of hearsay statements at the motion to dismiss stage.   Wells Mot. at 11, n.3.  However, as noted in their Motion, the Wells Defendants do argue that, even with the hearsay statements (which highlight the lack of genuine factual support), Plaintiffs still fail to "allege with any degree of factual specificity that Defendants Jim Wells, James R. Wells, and/or Richard G. Wells *knew* about a particular *breach* by a fiduciary and *participated* in it." Wells Mot. at 11 (emphasis in Motion).

Count IV of the Amended Complaint should be dismissed.

**C.     Count V should also be dismissed.**

The problems with Count IV similarly plague Count V, and Plaintiffs' recitation of the statute and associated buzzwords—plus a generous characterization of the Complaint—do not fix those failings.  "[S]ections 1105(a)(1) and (3) require actual knowledge of the breach.  'Under this rule, the fiduciary must know the other person is a fiduciary with respect to the plan, must know that he participated in the act that constituted a breach, and must know that it was a breach.'"  *Renfro*, 671 F.3d at 324.

None of the paragraphs cited for Plaintiffs' contention that "[i]t thus follows, as the Complaint alleges, that the Wells Defendants surely knew that the Trustee was breaching [ ] because they were [ ] Selling Shareholders" assert a single fact regarding actual knowledge of breach beyond speculative conclusion.  Wells Opp. at 14.  As discussed *supra* B., *Twombly* demands more.  550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level").  Wells Opp. at 11, n.3.

Further, by its plain text, ERISA § 405(a)(2), 29 U.S.C. § 1105(a)(2), requires a failure to comply with ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), before such a claim can proceed—and nowhere in the Amended Complaint do Plaintiffs attribute this provision to the Wells Defendants.  Plaintiffs raise it against the Wells Defendants for the first time in their Opposition, now attributing it to a failure-to-monitor allegation.  Wells Opp. at 17; Compl. ¶123.  Moreover, Plaintiffs allege a breach of fiduciary duty under this provision against the other Defendants in Counts II and III, but not the Wells Defendants.  Compl. ¶¶94, 107.  *Curry v. Devereux Found.*, No. CV 21-18, 2021 WL 2072216, at *3, n.2 (E.D. Pa. May 24, 2021) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citing *Com. of Pa. ex rel.*

6

*Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984); *accord Coda v. Constellation Energy Power Choice, LLC*, 409 F. Supp. 3d 296, 302 (D.N.J. 2019).

Indeed, right after Plaintiffs leapt to the conclusion that the Wells Defendants "surely knew," Plaintiffs then argue the Wells Defendants "enabled the Trustee's fiduciary breach by themselves failing to monitor[.]"[2] Wells Opp. at 16.  Albeit contradictory to the actual-knowledge theory, this theory too is lacking of any factual substance not entirely dependent on speculation. Plaintiffs' factual allegations as to the Wells Defendants here are limited to those exact same, scattered allegations against Jim Wells and Richard G. Wells in Count IV.  Wells Opp. at 17.

As such, Count V of the Amended Complaint should be similarly dismissed.

## **CONCLUSION**

For the foregoing reasons, the Wells Defendants respectfully submit that the Court should dismiss Counts IV and V of Plaintiffs' Amended Complaint against the Wells Defendants.

Dated: October 25, 2021

Respectfully submitted,

HOLLAND & KNIGHT LLP

By:   */s/ Lynn E. Calkins*

James E. DelBello (ID No. 78638)
HOLLAND & KNIGHT LLP
2929 Arch Street
Philadelphia, PA 19104
P: (215) 252-9524
James.DelBello@hklaw.com

Lynn Calkins (PHV, D.C. Bar No. 445854)
Adam Adcock (PHV, D.C. Bar No. 1672136)
HOLLAND & KNIGHT LLP
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
P: (202) 457-7041
Lynn.Calkins@hklaw.com
Adam.Adcock@hklaw.com

*Counsel for Wells Defendants*

*Counsel for Wells Defendants*

---

[2] *Compare with Renfro v. Unisys Corp.*, 671 F.3d 314, 324–25 (3d Cir. 2011).

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 25th day of October, 2021, a copy of the foregoing was served via this Court's electronic filing system on all parties of record by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Lynn E. Calkins*
Lynn E. Calkins