UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARI AHRENDSEN,<br>BARRY CLEMENT, and<br>LISA BUSH on behalf of the World Travel,<br>Inc. Employee Stock Ownership Plan, and<br>on behalf of a class of all other persons<br>similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>PRUDENT FIDUCIARY SERVICES, LLC,<br>a California Limited Liability Company,<br>MIGUEL PAREDES, and<br>JAMES A. WELLS,<br><br>        Defendants. | Case No.: 2:21-cv-02157-HB<br><br>Honorable Judge Harvey Bartle, III |

## DEFENDANT JAMES A. WELLS' ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO FIRST AMENDED CLASS ACTION COMPLAINT

Defendant James A. Wells hereby answers the Amended Class Action Complaint of Plaintiffs Shari Ahrendsen, Barry Clement, and Lisa Bush on behalf of the World Travel, Inc. Employee Stock Ownership Plan ("Plan") and a putative class of all other persons similarly situated (ECF No. 36) ("the FAC").

Defendant Wells denies all allegations except to the extent stated otherwise below:

### BACKGROUND

1.    In response to the allegations contained in Paragraph 1, Defendant Wells admits that the Plan was formed and made effective in 2017 and denies all remaining allegations in Paragraph 1 of the FAC.

2.    Defendant Wells lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 2 of the FAC.

3. In response to the allegations contained in Paragraph 3, Defendant Wells admits that this is an action brought under ERISA but denies the remaining allegations of Paragraph 3 of the FAC and specifically denies the assertion that there have been any losses suffered by the Plan as a result of the ESOP Transaction.

4. Defendant Wells denies the allegations in Paragraph 4 of the FAC.

5. Defendant Wells admits that the Plan became effective on January 1, 2017 at which time World Travel, Inc. became a 100% employee-owned company and that prior to that date World Travel, Inc. was a privately-held company. Defendant Wells admits that he sold 19,860,000 shares of World Travel, Inc. common stock but avers that the purchase was financed with two different loans at two different interest rates. Defendant Wells denies all remaining allegations in Paragraph 5 of the FAC.

6. Defendant Wells admits that Miguel Paredes was the initial trustee of the World Travel, Inc. Employee Stock Ownership Trust. Defendant Wells denies the remaining allegations in Paragraph 6 of the FAC.

7. Defendant Wells denies the allegations in Paragraph 7 of the FAC.

8. The allegations in Paragraph 8 of the FAC constitute legal conclusions to which no response is required. To the extent a response is required, Defendant Wells denies the allegations.

9. Defendant Wells denies that Plaintiffs have asserted a plausible claim and further denies that the Plan has suffered any losses due to the ESOP Transaction. The remaining allegations in Paragraph 9 of the FAC constitute legal conclusions to which no response is required but, to the extent a response is required, Defendant Wells denies the allegations.

## JURISDICTION AND VENUE

10. Defendant Wells denies that Plaintiffs have asserted a plausible claim and further denies that the Plan has suffered any losses due to the ESOP Transaction. The remaining allegations in Paragraph 10 of the FAC constitute legal conclusions to which no response is required but, to the extent a response is required, Defendant Wells denies the allegations.

11. Paragraph 11 of the FAC is a legal conclusion to which no response is required. To the extent a response is required, Defendant Wells denies the allegations.

12. In response to the allegations contained in Paragraph 12 of the FAC, Defendant Wells admit that venue in this District is proper.

## PARTIES

13. Defendant Wells lacks knowledge sufficient to form a belief about the truth of the factual allegations in Paragraph 13 of the FAC. The remainder of Paragraph 13 seeks a legal conclusion is a legal conclusion to which no response is required. To the extent a response is required, Defendant Wells denies the allegations.

14. Defendant Wells lacks knowledge sufficient to form a belief about the truth of the factual allegations in Paragraph 14 of the FAC. The remainder of Paragraph 14 seeks a legal conclusion is a legal conclusion to which no response is required. To the extent a response is required, Defendant Wells denies the allegations.

15. Defendant Wells lacks knowledge sufficient to form a belief about the truth of the factual allegations in Paragraph 15 of the FAC. The remainder of Paragraph 15 seeks a legal conclusion is a legal conclusion to which no response is required. To the extent a response is required, Defendant Wells denies the allegations.

16.     Defendant Wells admits that Prudent Fiduciary Services, LLC provides professional independent Fiduciary / ESOP trustee services.  Defendant Wells lacks knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 16 of the FAC.

17.     Defendant Wells admits that Miguel Paredes was the initial trustee of the World Travel, Inc. Employee Stock Ownership Trust.  Defendant Wells denies the remaining allegations in Paragraph 17 of the FAC.

18.     Upon information and belief Defendant Miguel Paredes is the President of Prudent Fiduciary Services, LLC ("PFS").  Defendant Wells lacks knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 18 of the FAC.

19.     Defendant Wells admits that Defendant Paredes was the trustee of the Plan at the time of the ESOP Transaction and that Larisa Langston became the trustee of the Plan in 2020.  Defendant Wells denies the remainder of the allegations in Paragraph 19.

20.     Paragraph 20 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant Wells denies the allegations in Paragraph 20.

21.     Paragraph 21 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant Wells denies the allegations in Paragraph 21.

22.     Defendant Wells lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22.  To the extent a response is required, Defendant Wells denies the allegations in Paragraph 22.

23.     Paragraph 23 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant Wells denies the allegations in Paragraph 23.

24.     Defendant Wells admits the allegations in Paragraph 24.

25. Defendant Wells admits that he was a member of the World Travel Board of Directors at the time of the ESOP Transaction and was a 10 percent or more shareholder of World Travel, Inc. common stock. Defendant Wells denies the remaining allegations in Paragraph 25.

26. Defendant Wells admits that James R. Wells resides in this District. Defendant Wells denies the remaining allegations of Paragraph 26 of the FAC.[1]

27. Defendant Wells denies the allegations in Paragraph 27 of the FAC.

28. Defendant Wells admits that Richard G. Wells was once the Secretary and Treasurer of World Travel, Inc.; and that Richard G. Wells resides in this District. Defendant Wells denies the remaining allegations in Paragraph 28 of the FAC.

29. Defendant Wells admits that Richard G. Wells was a member of the Board of Directors at the time of the ESOP Transaction. Defendant Wells denies the remaining allegations in Paragraph 29 of the FAC

30. Paragraph 30 is a legal conclusion to which no response is required. To the extent a response is required, Defendant Wells denies the allegations in Paragraph 30 of the FAC.

## FACTUAL ALLEGATIONS

31. Defendant Wells admits that World Travel, Inc. was founded in 1983 and is a mid-market leader in corporate travel management. Defendant Wells further admits that he is related to Richard G. Wells and James R. Wells; that World Travel, Inc. was previously family owned; and that there was an ESOP transaction in 2017. Defendant Wells denies the remaining allegations as-stated in Paragraph 31 of the FAC.

32. Defendant Wells admits the allegations in Paragraph 32 of the FAC.

---

[1] This Court dismissed the claims against Defendants James R. Wells and Richard G. Wells in its February 1, 2022, order (Dkt. 57).

33. Defendant Wells admits the allegations in Paragraph 33 of the FAC.

34. Defendant Wells admits the allegations in Paragraph 34 of the FAC.

35. Defendant Wells admits the allegations in Paragraph 35 of the FAC.

36. Paragraph 36 is a legal conclusion to which no response is required. To the extent a response is required, Defendant Wells denies the allegations in Paragraph 36 of the FAC.

37. Defendant Wells lacks sufficient information as to form a belief regarding the truth of the first sentence of Paragraph 37 but admits the second sentence of Paragraph 37 of the FAC.

38. Defendant Wells admits the allegations in Paragraph 38 of the FAC.

39. Defendant Wells admits the allegations in Paragraph 39 of the FAC.

40. Defendant Wells avers that the February 2018 Summary Plan Description ("SPD") states "The Plan Trustee and the Plan Administrator are each selected by the Board of Directors of the Company."

41. Defendant Wells avers that the Plan's 2018 Form 5500 identifies World Travel, Inc. as the Plan sponsor and Maribeth L. Minella as the plan administrator.

42. Defendant Wells avers that the February 2018 SPD discloses World Travel, Inc., c/o Maribeth L. Minella, as the Plan Sponsor and Plan Administrator.

43. Defendant Wells admits that some employees of World Travel, Inc. participate in the Plan and denies the remaining allegations in Paragraph 43 of the FAC.

44. Paragraph 44 is a legal conclusion to which no response is required. To the extent a response is required, Defendant Wells denies the allegations in Paragraph 44 of the FAC.

45. Paragraph 45 is a legal conclusion to which no response is required. To the extent a response is required, Defendant Wells denies the allegations in Paragraph 45 of the FAC.

46.     Paragraph 46 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant Wells denies the allegations in Paragraph 46 of the FAC.

47.     Paragraph 47 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant Wells denies the allegations in Paragraph 47 of the FAC.

48.     Defendant Wells avers that the 2018 Form 5500 Schedule H, Line 4i indicates that the Plan had assets held for investment.  Defendant Wells denies the remaining allegations in Paragraph 48 of the FAC.

49.     Defendant Wells avers that Note 9 of the Notes to Financial Statements to the Plan's Forms 5500 states that "The Plan invests in Company common stock and has indebtedness guaranteed by the Company. These are related party and party-in-interest transactions. As described in Notes 2 and 5, the Company pays the expenses of the Plan. The Plan has a number of service providers. Such parties are parties-in-interest under ERISA."  Defendant Wells denies the remaining allegations in Paragraph 49 of the FAC.

50.     Defendant Wells avers that the 2018 Form 5500 indicates that Maribeth L. Minella is the individual signing as the Plan Administrator of the World Travel, Inc. Employee Stock Ownership Plan.  Defendant Wells denies the remaining allegations in Paragraph 48 of the FAC.

51.     Paragraph 51 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant Wells denies the allegations in Paragraph 51 of the FAC.

52.     Defendant Wells denies the allegations in Paragraph 52 of the FAC.

53.     Paragraph 53 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant Wells denies the allegations in Paragraph 53 of the FAC.

54.     Defendant Wells avers that the Engagement Agreement between World Travel, Inc. and Miguel Paredes, dated September 11, 2017, contains an indemnification provision, a fees for

services provision, and a retainer provision. Defendant Wells further avers that the Employee Stock Ownership Trust Agreement between World Travel, Inc. and Miguel Paredes also contains an indemnification provision. Defendant Wells denies the remaining allegations in Paragraph 54 of the FAC.

55. Defendant Wells lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 of the FAC. To the extent a response is required, Defendant Wells denies the allegations in Paragraph 55.

56. Defendant Wells admits that the Plan became effective on January 1, 2017 at which time World Travel, Inc. became a 100% employee-owned company and that prior to that date World Travel, Inc. was a privately-held company. Defendant Wells admits that he sold 19,860,000 shares of World Travel, Inc. common stock but avers that the purchase was financed with two different loans at two different interest rates. Defendant Wells denies all remaining allegations in Paragraph 56 of the FAC.

57. Defendant Wells avers that World Travel, Inc. issued new shares in December 2017.

58. Defendant Wells avers that he sold World Travel, Inc. shares to the Plan, and that James R. Wells and Richard G. Wells each sold shares to World Travel, Inc. through Redemption Agreements dated October 2017.

59. Defendant Wells avers that the purchase was financed with two different loans at two different interest rates. Defendant Wells denies all remaining allegations in Paragraph 59 of the FAC.

60. Defendant Wells admits that he is a member of the World Travel Board of Directors; that he was the Chairman of the World Travel Board of Directors prior to, at the time

of, and after the ESOP Transaction, and continues in that role at present. Defendant Wells further admits that he was a World Travel shareholder at the time of the ESOP Transaction. Defendant Wells denies the remaining allegations in Paragraph 60 of the FAC.

61. Defendant Wells denies the allegations in Paragraph 61 of the FAC.

62. Defendant Wells admits that he was a 10 percent or more shareholder at the time of the ESOP Transaction. Defendant Wells denies the remaining allegations in Paragraph 62 of the FAC.

63. Paragraph 63 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant Wells denies the allegations in Paragraph 63 of the FAC.

64. Defendant Wells denies the allegations in Paragraph 64 of the FAC.

65. Defendant Wells denies the allegations in Paragraph 65 of the FAC.

66. Defendant Wells admits that he stated "I'm not going anywhere" in order to assist the Company post-transaction and denies the remaining allegations in Paragraph 66 of the FAC.

67. Defendant Wells denies the allegations in Paragraph 67 of the FAC.

68. Defendant Wells denies the allegations in Paragraph 68 of the FAC.

69. Defendant Wells denies the allegations in Paragraph 69 of the FAC.

70. Paragraph 70 is a legal conclusion to which no response is required insofar as it alleges the Miguel Paredes is subject to liability.  Defendant Wells denies the remaining allegations in Paragraph 70 of the FAC.

71. Defendant Wells admits that World Travel provided financial projections to Miguel Paredes for the valuation for the ESOP transaction, as did Miguel Paredes' independent valuation team. The remaining allegations in Paragraph 71 of the FAC are denied.

72. Defendant Wells denies the allegations in Paragraph 72 of the FAC.

73. Defendant Wells denies the allegations in Paragraph 73 of the FAC.

74. Paragraph 74 is a legal conclusion to the extent it states the Miguel Paredes is subject to liability. Defendant Wells denies the remaining allegations in Paragraph 74 of the FAC.

75. Paragraph 75 is a legal conclusion to the extent it states Defendant Wells is subject to liability. Defendant Wells denies the remaining allegations in Paragraph 75 of the FAC.

76. Defendant Wells avers that the Engagement Agreement between World Travel, Inc. and Miguel Paredes, dated September 11, 2017, contains an indemnification provision. Defendant Wells further avers that the Employee Stock Ownership Trust Agreement between World Travel, Inc. and Miguel Paredes contains an indemnification provision. Defendant Wells denies the remaining allegations in Paragraph 76 of the FAC.

77. Defendant Wells states that the alleged indemnification agreement speaks for itself, and denies any characterization by Plaintiffs. The remaining allegations in Paragraph 68 are legal conclusions to which no response is required. To the extent a response is required, Defendant Wells denies the allegations in Paragraph 77 of the FAC.

78. Paragraph 78 is a legal conclusion to which no response is required. To the extent a response is required, Defendant Wells denies the allegations in Paragraph 78 of the FAC.

79. Paragraph 79 consists of speculation to which no response is required. To the extent a response is required, Defendant Wells denies the allegations in Paragraph 79 of the FAC.

## CLAIMS FOR RELIEF

### COUNT I

**Causing and Engaging in Prohibited Transactions Forbidden by ERISA § 406(a)–(b), 29 U.S.C. § 1106(a)–(b), Against Trustee PFS and Miguel Paredes**

80. Defendant Wells incorporates each response set forth in the paragraphs above.

81. Paragraphs 81 through 92 contain no allegations against Defendant Wells and thus no response is required. To the extent a response is required, Defendant Wells denies all allegations contained in Paragraphs 81 through 92 of the FAC.

## COUNT II

### Breaches of Fiduciary Duty Under ERISA § 404(a), 29 U.S.C. § 1104(a), Against Trustee PFS and Miguel Paredes

93. Defendant Wells incorporates each response set forth in the paragraphs above.

94. Paragraphs 94 through 100 contain no allegations against Defendant Wells and thus no response is required. To the extent a response is required, Defendant Wells denies all allegations contained in Paragraphs 94 through 100 of the FAC.

## COUNT III

### Violation of ERISA §§ 410 and 404(a)(1)(A), (B), 29 U.S.C. §§ 1110 and 1104(a)(1)(A), (B), Against Trustee PFS and Miguel Paredes

101. Defendant Wells incorporates each response set forth in the paragraphs above.

102. Paragraphs 102 through 108 contain no allegations against Defendant Wells and thus no response is required. To the extent a response is required, Defendant Wells denies all allegations contained in Paragraphs 102 through 108 of the FAC.

## COUNT IV

### Prohibited Transactions Pursuant to 29 U.S.C. § 1132(a)(3), Against the Selling Shareholders Jim Wells, James R. Wells, and Richard G. Wells

109. Defendant Wells incorporates each response set forth in the paragraphs above.

110. Paragraph 110 is a legal conclusion to which no response is required. To the extent a response is required, Defendant Wells denies the allegations in Paragraph 110 of the FAC.

111. Paragraph 111 is a legal conclusion to which no response is required. To the extent a response is required, Defendant Wells denies the allegations in Paragraph 111 of the FAC.

112. Insofar as Paragraph 112 alleges a prohibited transaction, it is a legal conclusion to which no response is required. Defendant Wells denies the remaining allegations in Paragraph 112 of the FAC.

113. Paragraph 113 is a legal conclusion to which no response is required. To the extent a response is required, Defendant Wells denies the allegations in Paragraph 113 of the FAC.

114. Defendant Wells denies the allegations in Paragraph 114 of the FAC.

115. Insofar as Paragraph 115 alleges a prohibited transaction, it is a legal conclusion to which no response is required. Defendant Wells denies the remaining allegations in Paragraph 115 of the FAC.

116. Insofar as Paragraph 116 alleges a prohibited transaction, it is a legal conclusion to which no response is required. Defendant Wells denies the remaining allegations in Paragraph 116 of the FAC.

117. Defendant Wells denies the allegations in Paragraph 117 of the FAC.

## COUNT V

**Co-Fiduciary Liability Under ERISA § 405(a), 29 U.S.C. § 1105(a) Against the Selling Shareholders Jim Wells, James R. Wells, and Richard G. Wells**

118. Defendant Wells incorporates each response set forth in the paragraphs above.

119. Paragraph 119 is a legal conclusion to which no response is required. To the extent a response is required, Defendant Wells denies the allegations in Paragraph 119 of the FAC.

120. Paragraph 120 is a legal conclusion to which no response is required. To the extent a response is required, Defendant Wells denies the allegations in Paragraph 120 of the FAC.

121. Paragraph 121 is a legal conclusion to which no response is required. To the extent a response is required, Defendant Wells denies the allegations in Paragraph 121 of the FAC.

122. Paragraph 122 is a legal conclusion to which no response is required. To the extent a response is required, Defendant Wells denies the allegations in Paragraph 122 of the FAC.

123. Defendant Wells denies the allegations in Paragraph 123 of the FAC.

124. Paragraph 124 is a legal conclusion to which no response is required. To the extent a response is required, Defendant Wells denies the allegations in Paragraph 124 of the FAC.

125. Defendant Wells denies the allegations in Paragraph 125 of the FAC.

126. Paragraph 126 is a legal conclusion to which no response is required. To the extent a response is required, Defendant Wells denies the allegations in Paragraph 126 of the FAC.

## CLASS ACTION ALLEGATIONS

127. Defendant Wells admits only that Plaintiffs attempt to bring this claim as a class action pursuant to Fed. R. Civ. P. 23(a). Defendant Wells denies the remaining allegations in Paragraph 127 of the FAC.

128. Defendant Wells states that the Form 5500 filing speaks for itself, denies any characterization by the Plaintiffs, and denies the remainder of the allegations in Paragraph 128 of the FAC.

129. Paragraphs 129(i)-(xvi) are legal conclusions to which no response is required. To the extent a response is required, Defendant Wells denies the allegations in Paragraph 129 of the FAC.

130. Paragraph 130 is a legal conclusion to which no response is required. To the extent a response is required, Defendant Wells denies the allegations in Paragraph 130 of the FAC.

131. Defendant Wells denies the allegations in Paragraph 131 of the FAC.

132. Paragraph 132 is a legal conclusion to which no response is required. To the extent a response is required, Defendant Wells denies the allegations in Paragraph 132 of the FAC.

133. Paragraph 133 is a legal conclusion to which no response is required. To the extent a response is required, Defendant Wells denies the allegations in Paragraph 133 of the FAC.

134. Paragraph 124 is a conclusion to which no response is required. To the extent a response is required, Defendant Wells denies the allegations in Paragraph 134 of the FAC.

135. Defendant Wells denies that Plaintiffs are entitled to any of the relief sought in the Prayer for Relief on Pages 26-28 of the FAC.

## AFFIRMATIVE DEFENSES

Defendant Wells, while reserving the right to assert all other applicable defenses as discovery proceeds, asserts the following defenses in further opposition to the First Amended Complaint, without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs:

### First Affirmative Defense

### Exemption from Prohibited Transaction

1. Plaintiffs' claim that Defendant Wells was a knowing participant in a transaction prohibited by ERISA § 406, 29 U.S.C. § 1106 fails because the prohibited transaction rules exempt and do not apply to: the December 20, 2017 stock purchase agreement in which the ESOP purchased 19,860,000 shares of World Travel, Inc. common stock from Defendant Wells, (the "Purchase Transaction"), or the loans made by World Travel, Inc. and/or Defendant Wells that qualify as "parties in interest" in connection with the ESOP Transaction (the "Purchase Loans").

2. The Purchase Transactions satisfies the exemption set forth in § 1108(e).

3. 29 U.S.C. § 1108(e) provides in pertinent part: "Sections 1106 and 1107 of this title shall not apply to the acquisition or sale by a plan of qualifying employer securities (as defined in section 1107(d)(5) of this title) . . . (1) if such acquisition, sale, or lease is for adequate consideration (or in the case of a marketable obligation . . . (2) if no commission is charged with

respect thereto, and (3) if—(A) the plan is an eligible individual account plan (as defined in section 1107(d)(3) of this title)."

4. As used in Section 408(e), "adequate consideration" means "in the case of an asset other than a security for which there is a generally recognized market, the fair market value of the asset as determined in good faith by the trustee or named fiduciary pursuant to the terms of the plan and in accordance with regulations promulgated by the Secretary." *See also* Proposed Regulation Relating to the Definition of Adequate Consideration, 53 Fed. Reg. 17632-01 (May 17, 1988) (to be codified at 29 C.F.R. pt. 2510).

5. The ESOP is an eligible individual account plan, no commission was charged for the ESOP's acquisition of the stock, and the ESOP's purchase of stock in the December 20, 2017 Purchase Transaction was for adequate consideration.

6. The Purchase Loans satisfy the exemption in 29 U.S.C. § 1108(b)(3).

7. 29 U.S.C. § 1108(b)(3) provides in pertinent part: "The prohibitions provided in section 1106 of this title shall not apply to any of the following transactions . . . (3) A loan to an employee stock ownership plan (as defined in section 1107(d)(6) of this title), if—(A) such loan is primarily for the benefit of participants and beneficiaries of the plan, and (B) such loan is at an interest rate which is not in excess of a reasonable rate."

8. The Purchase Loans were primarily for the benefit of participants and beneficiaries of the Plan and they were at an interest rate not in excess of a reasonable rate.

## **Second Affirmative Defense**
### **Lack of Intent under ERISA § 406(a)(1)(D)**

9. ERISA § 406(a)(1)(D) prohibits transactions between a plan and a party in interest that constitute a direct or indirect "transfer to, or use by or for the benefit of a party in interest, of any assets of the plan."

10. Courts have held that a prohibited use of plan assets for the benefit of a party in interest as described in ERISA § 406(a)(1)(D) requires a subjective intent to benefit a party in interest.

11. Plaintiffs cannot establish that there was any subjective intent to benefit any party in interest.

### Third Affirmative Defense
### Lack of Knowledge under ERISA § 502(a)(3)

12. Plaintiffs' claims against Defendant Wells are barred because he did not have actual or constructive knowledge of the circumstances that allegedly rendered the ESOP Transaction unlawful; he did not know nor should he have known of the issues contended.

### Fourth Affirmative Defense
### Failure to Exhaust Administrative Remedies

13. Plaintiffs' claims are barred, in whole or in part, by the failure to exhaust administrative remedies.

### Fifth Affirmative Defense
### Failure to State a Claim

14. The Complaint in whole or in part fails to state a claim upon which relief can be granted against Defendant Wells.

### Sixth Affirmative Defense
### Lack of Standing

15. Plaintiffs' claims are barred in whole or in part because neither they nor the ESOP have suffered an injury in fact and plaintiff therefore lacks standing to pursue the claims alleged.

### Seventh Affirmative Defense

### Unjust Enrichment/Improper Windfall

16. Plaintiffs' claims are barred in whole or in part because any award to compensate for any alleged loss or damage to the ESOP would constitute unjust enrichment and/or an improper windfall to the ESOP.

### Eighth Affirmative Defense

### Offset of Damages

17. Any award to compensate for any alleged loss or damage to the ESOP should be offset to the extent any amounts still due Defendant Wells as well as the amounts he has not charged and/or forgiven the ESOP to date.

### Ninth Affirmative Defense

### Improper Class Action

18. The claims asserted in the FAC are barred, in whole or in part, because this action may not be maintained as a class action and Plaintiffs cannot meet the requirements under Fed. R. Civ. P. 23.

### Tenth Affirmative Defense

### Failure to Properly Allege Allegations Sounding in Fraud

19. Plaintiffs fail to plead their claims based in misrepresentation and fraud to the standards required by Rule 9 of the Federal Rules of Civil Procedure.

### Eleventh Affirmative Defense

### Failure to State a Claim

20. Plaintiffs' fail to states a claim upon which relief can be granted.

## Twelfth Affirmative Defense

### Statute of Limitations

21. Plaintiffs' claims may be barred in whole or in part by the statute of limitations.

**WHEREFORE**, Defendant Wells respectfully requests that this Court enter judgment in his favor and against Plaintiffs on all claims, award reasonable attorneys' fees and costs, and grant such further relief as the Court deems just and proper.

Dated: March 4, 2022                               Respectfully submitted,

                                                   By: /s/ Lynn E. Calkins

James E. DelBello (ID No. 78638)                   Lynn Calkins (PHV, D.C. Bar No. 445854)
HOLLAND & KNIGHT LLP                               Adam Adcock (PHV, D.C. Bar No. 1672136)
2929 Arch Street                                   HOLLAND & KNIGHT LLP
Philadelphia, PA 19104                             800 17th Street, N.W., Suite 1100
(215) 252-9524                                     Washington, D.C. 20006
James.DelBello@hklaw.com                           (202) 457-7041
                                                   Lynn.Calkins@hklaw.com
                                                   Adam.Adcock@hklaw.com

*Counsel for Defendant James A. Wells*             *Counsel for Defendant James A. Wells*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 4th day of March, 2022, a copy of the foregoing was served via this Court's electronic filing system on all parties of record by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Lynn E. Calkins*
Lynn E. Calkins
