# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARI AHRENDSEN, BARRY CLEMENT, and LISA BUSH on behalf of the World Travel, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRUDENT FIDUCIARY SERVICES, LLC, a California Limited Liability Company, MIGUEL PAREDES, JAMES A. WELLS, JAMES R. WELLS, AND RICHARD G. WELLS.<br><br>Defendants. | Case No. 2:21-cv-02157-HB |

## DEFENDANTS PRUDENT FIDUCIARY SERVICES AND MIGUEL PAREDES'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendants Prudent Fiduciary Services and Miguel Paredes (the "Paredes Defendants") by and through their undersigned counsel, answer the Amended Class Action Complaint filed by Plaintiffs Shari Ahrendsen, Barry Clement, and Lisa Bush (Dkt. 36) ("Complaint"), as follows:

## BACKGROUND[1]

1.    Plaintiffs Shari Ahrendsen, Barry Clement and Lisa Bush ("Plaintiffs") bring this suit against: Prudent Fiduciary Services, LLC ("PFS") and its owner Miguel Paredes (together, "the Trustee"), the trustee for the World Travel, Inc. Employee Stock Ownership Plan (the "Plan") when the Plan acquired shares of World Travel, Inc. ("World Travel") in 2017; and

---

[1] The Paredes Defendants do not consider either the section headings or the defined terms used throughout the Complaint to contain allegations to which a response is required. To the extent a response is required, the Paredes Defendants deny all allegations contained in the section headers or implied by Plaintiffs' defined terms.  The Paredes Defendants adopt Plaintiffs' section headers and defined terms in this Answer for ease of reference only.

selling shareholders James A. ("Jim") Wells, James R. Wells, and Richard G. Wells (together, the "Selling Shareholders").

**ANSWER:** The Paredes Defendants admit that Plaintiffs have filed the suit described in this paragraph and that the Plan purchased shares of World Travel Inc. in 2017, but deny the remaining allegations in this paragraph.

2.      Plaintiffs are participants in the Plan, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), who were vested in shares of World Travel allocated to their accounts in the Plan.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants admit that Plaintiffs participated in the plan and were partially vested at certain points in time.

3.      This action is brought under Sections 404, 406, 409, 410, and 502(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1104, 1106, 1109, 1110, and 1132(a), for losses suffered by the Plan and its participants caused by the Trustee when it caused the Plan to buy shares of World Travel for more than fair market value in 2017, and other relief.

**ANSWER:** The Paredes defendants admit that this action purports to be brought under ERISA, but deny the remaining allegations in this paragraph.

4.      As alleged below, the Plan has been injured and its participants have been deprived of hard-earned retirement benefits resulting from Defendants' violations of ERISA.

**ANSWER:** The Paredes Defendants deny the allegations in this paragraph.

5.      At all relevant times, World Travel was a privately-held company and was the Plan's sponsor and administrator. World Travel adopted the Plan effective January 1, 2017. On or about December 20, 2017, the Plan purchased, directly or indirectly, from the Selling Shareholders, members of the Wells family, 19,860,000 shares of World Travel common stock for $200,573,217, which was financed by World Travel in a fully leveraged transaction with a loan bearing interest at an annual nominal rate of 2.64% that was to be repaid over a period of 45

years (the purchase and loan transactions together, the "ESOP Transaction" or "Transaction"). At

that time World Travel became a 100% employee-owned company.

**ANSWER:** Sentence 1 states legal conclusions to which no response is required.  To the
extent a response is required, the Paredes Defendants admit that World Travel was a privately-
held company and the Plan's sponsor at the relevant times, but deny the allegations in this
sentence.  The Paredes Defendants admit the allegations in sentence 2.  The Paredes Defendants
admit that the Plan acquired shares in World Travel in 2017, which included a loan from World
Travel bearing interest at the prime rate of a lender at 2.64% to be repaid over 45 years, but deny
the remaining allegations in sentence 3.

6.      The Trustee represented the Plan and its participants as trustee in the ESOP

Transaction. It had sole and exclusive authority to negotiate the terms of the ESOP Transaction

on the Plan's behalf.

**ANSWER:** The Paredes Defendants admit that Miguel Paredes was engaged as the
trustee for the Plan in connection with the Transaction, and that Mr. Paredes had authority to
negotiate on behalf of the Plan, but deny the remaining allegations in this paragraph.

7.      The ESOP Transaction allowed the Selling Shareholders to unload their interests

in World Travel above fair market value, for the reasons explained below, and saddle the Plan

with tens of millions of dollars of debt payable over a 45-year repayment period to finance the

Transaction. The Trustee failed to fulfill its ERISA duties, as trustee and fiduciary, to the Plan

and its participants, including Plaintiffs.

**ANSWER:** The Paredes Defendants deny the allegations in this paragraph.

8.      The Selling Shareholders are parties in interest who sold shares in the ESOP

Transaction. The Selling Shareholders are liable under ERISA for participating in prohibited

transactions and the Trustee's breaches of fiduciary duty under ERISA.

**ANSWER:** The Paredes Defendants admit that James A. Wells sold shares in connection
with the Plan's December 2017 acquisition of World Travel stock, but deny the remaining
allegations in this paragraph.

9.      Plaintiffs bring this action to recover the losses incurred by the Plan, and thus by

each individual account in the Plan held by them and similarly situated participants, resulting

from the Trustee's engaging in, and causing the Plan to engage in, prohibited transactions under

ERISA, and breaching its fiduciary duties under ERISA, and the Selling Shareholders'

participation in these violations.

**ANSWER:** The Paredes Defendants admit that Plaintiffs brought this lawsuit under ERISA, but deny the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

10.     This action arises under Title I of ERISA, 29 U.S.C. §§ 1001 *et seq.*, and is

brought by Plaintiffs under ERISA § 502(a), 29 U.S.C. § 1132(a), to require the Trustee to make

good to the Plan losses resulting from its violations of the provisions of Title I of ERISA, to

obtain appropriate equitable relief against the Trustee and the Selling Shareholders, to restore to

the Plan any profits that have been made by breaching fiduciaries and parties in interest through

the use of Plan assets, and to obtain other appropriate equitable and legal remedies in order to

redress violations and enforce the provisions of ERISA.

**ANSWER:** The Paredes Defendants admit that this action purports to be brought under ERISA § 502(a), 29 U.S.C. § 1132(a), but deny the remaining allegations in this paragraph.

11.     This Court has subject matter jurisdiction over this action pursuant to ERISA §

502(e)(1), 29 U.S.C. § 1132(e)(1).

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

12.     Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. §

1132(e)(2), because the Plan is administered in this District, because some of the events or

omissions giving rise to the claims occurred in this District, and because a defendant resides or

may be found in this District. The Plan is administered in Exton, Pennsylvania.

**ANSWER:** Sentence 1 states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants admit that venue is proper in this District,

but deny the remaining allegations in sentence 1.  The Paredes Defendants admit the allegations in sentence 2.

## PARTIES

13.     Plaintiff Shari Ahrendsen has been a Plan participant, as defined in ERISA § 3(7), 29 U.S.C. § 1002(7), at all relevant times. Plaintiff Ahrendsen resides in Omaha, Nebraska. She was Meeting & Events Coordinator for PRA Pharmaceuticals at World Travel. She was employed at World Travel from March 2014 to April 2020. She was vested in shares of World Travel in her Plan account.

**ANSWER:** Sentence 1 states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants admit that Shari Ahrendsen has been a Plan participant, but deny the remaining allegations in sentence 1.  The Paredes Defendants lack knowledge or information sufficient to admit or deny the allegations in sentences 2 through 5, and therefore deny them.

14.     Plaintiff Barry Clement has been a Plan participant, as defined in ERISA § 3(7), 29 U.S.C. § 1002(7), at all relevant times. Plaintiff Clement resides in Frisco, Texas. He was Lead Software Engineer at World Travel. Except for a two week period in January 2014, he was employed at World Travel from June 2013 to February 2, 2021, two weeks after he had given notice of his resignation. He was vested in shares of World Travel in his Plan account.

**ANSWER:** Sentence 1 states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants admit that Barry Clement has been a Plan participant, but deny the remaining allegations in sentence 1.  The Paredes Defendants lack knowledge or information sufficient to admit or deny the allegations in sentences 2 through 5, and therefore deny them.

15.     Plaintiff Lisa Bush is a former employee of World Travel and has been a Plan participant, as defined in ERISA § 3(7), 29 U.S.C. § 1002(7), at all relevant times. She worked at World Travel for nine years, both as an account manager and in meeting technology. In January 2020, Plaintiff Bush left World Travel and cashed out her ESOP account. Had the violations

outlined herein not occurred, she would have received substantially more from her ESOP

account.

**ANSWER:** Sentence 1 states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants admit that Lisa Bush has been a Plan participant, but deny the remaining allegations in sentence 1.  The Paredes Defendants lack knowledge or information sufficient to admit or deny the allegations in sentences 2 and 3, and therefore deny them.  The Paredes Defendants deny the allegations in sentence 4, including that any violations occurred.

16.     Defendant Prudent Fiduciary Services, LLC ("PFS") is a California Limited

Liability Company. PFS bills itself as a provider of professional Independent Fiduciary/ESOP

Trustee, ERISA compliance consulting, and expert witness services related to employee benefit

plans such as qualified retirement plans and health and welfare plans. PFS's headquarters is at

100 N. Barranca St., Suite 870, West Covina, California 91791.

**ANSWER:** The Paredes Defendants admit the allegations in sentence 1. The Paredes Defendants admit that Miguel Paredes provides services to ESOPs, but denies the remaining allegations in sentence 2. The Paredes Defendants admit the allegations in sentence 3.

17.     PFS was the trustee of the Plan at the time of the ESOP Transaction. As trustee,

PFS had sole and exclusive discretion to authorize and negotiate the ESOP Transaction on behalf

of the Plan.

**ANSWER:** The Paredes Defendants deny the allegations in this paragraph.

18.     Defendant Miguel Paredes is the President and Founder of PFS. Defendant

Paredes's business address is at Prudent Fiduciary Services, LLC, 100 N. Barranca St., Suite

870, West Covina, California 91791.

**ANSWER:** The Paredes Defendants admit the allegations in this paragraph.

19.     Defendant Paredes was the trustee of the Plan at the time of the ESOP Transaction

and continued in that role until Larisa Langston, Vice President of PFS, was appointed trustee of

the Plan effective April 30, 2020. As trustee, Defendant Paredes had sole and exclusive

discretion to authorize and negotiate the ESOP Transaction on behalf of the Plan. Defendant PFS

acted in the ESOP Transaction through Defendant Paredes.

**ANSWER:** The Paredes Defendants admit the allegations in sentence 1. The Paredes
Defendants admit that Miguel Paredes acted as discretionary trustee for the ESOP in connection
with the Transaction, but deny the remaining allegations in sentence 2. The Paredes Defendants
deny the allegations in sentence 3.

20.     At the time of the ESOP Transaction, the Trustee was a fiduciary of the Plan

within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it was the trustee

within the meaning of ERISA § 403(a), 29 U.S.C. § 1103(a), and because it exercised

discretionary authority or discretionary control respecting management of the Plan, and/or

exercised authority or control respecting management or disposition of the Plan's assets, and/or

had discretionary authority or discretionary responsibility in the administration of the Plan.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To
the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

21.     As Plan trustee, Defendant PFS and Defendant Paredes were named fiduciaries,

within the meaning of ERISA § 402(a), 29 U.S.C. § 1102(a), under the terms of the written

instruments under which the Plan was established and maintained, including the World Travel,

Inc. Employee Stock Ownership Trust.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To
the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

22.     The Notes to Financial Statements to the Plan's Forms 5500 Annual

Return/Report of Employee Benefit Plan state that service providers to the Plan are parties in

interest under ERISA. Defendant PFS was and is a service provider to the Plan as its trustee and

Defendant Paredes was a service provider to the Plan in his term as trustee.

**ANSWER:** The Paredes Defendants admit that this paragraph purports to paraphrase,
quote, and/or cite to a Form 5500, but rely on that document to speak for itself.  The Paredes

Defendants deny the allegations contained in this paragraph to the extent they are inconsistent with the terms of the Form 5500.

23.     Throughout their terms as trustee of the Plan, including at the time of the ESOP Transaction, Defendant PFS and Defendant Paredes were parties in interest to the Plan within the meaning of ERISA § 3(14), 29 U.S.C. § 1002(14).

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

24.     Defendant Jim Wells is and was at the time of the ESOP Transaction the Chairman of the Board of Directors of World Travel. He was a selling shareholder in the ESOP Transaction. He is the former President and Chief Executive Officer (CEO) of World Travel. On information and belief, he resides or may be found in this District, where World Travel is located.

**ANSWER:** The Paredes Defendants admit the allegations in sentences 1 through 3.  The Paredes Defendants lack knowledge or information sufficient to admit or deny the allegations in sentence 4, and therefore deny them.

25.     Defendant Jim Wells was a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14), at the time of the ESOP Transaction as a 10 percent or more shareholder of World Travel, directly or indirectly; and/or as a World Travel director; and/or as an individual having powers or responsibilities similar to those of officers.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

26.     Defendant James R. Wells was at the time of the ESOP Transaction a Director of World Travel. He was a selling shareholder in the ESOP Transaction. On information and belief, he resides or may be found in this District.

**ANSWER:** The Paredes Defendants deny the allegations in sentences 1 and 2.  The Paredes Defendants lack knowledge or information sufficient to admit or deny the allegations in sentence 3, and therefore deny them.

27.     Defendant James R. Wells was a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14), at the time of the ESOP Transaction as a 10 percent or more shareholder of World Travel, directly or indirectly; and/or as a World Travel director.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

28.     Defendant Richard G. Wells was at the time of the ESOP Transaction a Director of World Travel. He was a selling shareholder in the ESOP Transaction. He is the former Secretary, Treasurer, and Chief Financial Officer (CFO) of World Travel. On information and belief, he resides or may be found in this District.

**ANSWER:** The Paredes Defendants deny the allegations in sentences 1 and 2.  The Paredes Defendants lack knowledge or information sufficient to admit or deny the allegations in sentences 3 and 4, and therefore deny them.

29.     Defendant Richard G. Wells was a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14), at the time of the ESOP Transaction as a 10 percent or more shareholder of World Travel, directly or indirectly; and/or as a World Travel director; and/or as a World Travel officer, or individual having powers or responsibilities similar to those of officers.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

30.     The members of World Travel's Board of Directors have, and had at all relevant times, the power to appoint and remove the Trustee of the Plan, and the power to appoint and remove the Plan Administrator. At the time of the ESOP Transaction, Selling Shareholders Jim Wells, James R. Wells, and Richard G. Wells, as World Travel directors, were fiduciaries of the Plan within the meaning of ERISA § 3(21)(A) because they exercised discretionary authority or discretionary control respecting management of the Plan and/or had discretionary authority or

discretionary responsibility in the administration of the Plan. They were fiduciaries through their respective tenures as company directors.

**ANSWER:** The Paredes Defendants admit that sentence 1 purports to paraphrase, quote, and/or cite to the plan document, but rely on that document to speak for itself.  The Paredes Defendants deny the allegations contained in sentence 1 to the extent they are inconsistent with the plan document. Sentences 2 and 3 state legal conclusion to which no response is required. To the extent a response is required, the Paredes Defendants lack knowledge or information sufficient to admit or deny the allegations in sentences 2 and 3, and therefore deny them.

## FACTUAL ALLEGATIONS

31.     Founded in 1983 by Defendants James R. Wells, Richard G. Wells, and Jim Wells, World Travel bills itself as a global mid-market leader in corporate travel management. Defendants James R. Wells, Richard G. Wells, and Jim Wells are related: James R. and Richard are brothers, and Jim Wells is James R. Wells' son. The Wells family owned World Travel for nearly 35 years, until the Plan purchased the company in December 2017. World Travel had more than 500 employees at the time of the ESOP Transaction.

**ANSWER:** The Paredes Defendants admit that the company was founded in 1983 by certain members of the Wells family but deny the remaining allegations in sentence 1.  The Paredes Defendants lack knowledge or information sufficient to admit or deny the allegations in sentence 2, and therefore deny them.  The Paredes admit that Jim Wells owned shares of company stock prior to the Transaction, but deny the remaining allegations in sentence 3. The Paredes Defendants admit the allegations in sentence 4.

32.     World Travel's corporate headquarters is at 620 Pennsylvania Drive, Exton, Pennsylvania 19341, in this District. That address is listed as the Plan Administrator's address in the Plan's Summary Plan Description issued February 2018 ("SPD").

**ANSWER:**  The Paredes Defendants admit that World Travel has an address at 620 Pennsylvania Drive, Exton, Pennsylvania 19341, but deny the remaining allegations in sentence 1. The Paredes Defendants admit that sentence 2 purports to paraphrase, quote, and/or cite to the Plan's summary plan description, but rely on that document to speak for itself.  The Paredes Defendants deny the allegations contained in sentence 2 to the extent they are inconsistent with the summary plan description.

33.     World Travel was incorporated in Pennsylvania on December 30, 1982.

**ANSWER:**  The Paredes Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore deny them.

34.   World Travel stock is not and never was readily tradable on an established securities market.

**ANSWER:** The Paredes Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore deny them.

35.   World Travel adopted the Plan with an effective date of January 1, 2017.

**ANSWER:** The Paredes Defendants admit the allegations in this paragraph.

36.   The Plan is a pension plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and is subject to ERISA pursuant to ERISA § 4(a)(1), 29 U.S.C. § 1003(a)(1).

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants admit the allegations in this paragraph.

37.   World Travel identified the Plan as a leveraged employee stock ownership plan, or "Leveraged ESOP." The Plan was designed to invest primarily in the employer securities of World Travel.

**ANSWER:** The Paredes Defendants lack knowledge or information sufficient to admit or deny the allegations in sentence 1, and therefore deny them.  The Paredes Defendants admit the allegations in sentence 2.

38.   The Plan is an individual account plan, or defined contribution plan, under which a separate individual account was established for each participant.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants admit the allegations in this paragraph.

39.   The Plan is established and maintained pursuant to a written document. The assets of the Plan are held in trust, which is governed by the World Travel, Inc. Employee Stock Ownership Trust Agreement.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants admit the allegations in this paragraph.

40.     The SPD discloses: "The Plan Trustee and the Plan Administrator are each

selected by the Board of Directors of the Company."

**ANSWER:** The Paredes Defendants admit that this paragraph purports to paraphrase, quote, and/or cite to a summary plan description, but rely on that document to speak for itself. The Paredes Defendants deny the remaining allegations contained in this paragraph to the extent they are inconsistent with the terms of the summary plan description.

41.     The Plan's Forms 5500 identify World Travel as the sponsor and administrator of

the Plan.

**ANSWER:** The Paredes Defendants admit that this paragraph purports to paraphrase, quote, and/or cite to a Form 5500, but rely on that document to speak for itself.  The Paredes Defendants deny the remaining allegations contained in this paragraph to the extent they are inconsistent with the terms of the Form 5500.

42.     The SPD discloses that World Travel is the sponsor and administrator of the Plan.

**ANSWER:** The Paredes Defendants admit that this paragraph purports to paraphrase, quote, and/or cite to a summary plan description, but rely on that document to speak for itself. The Paredes Defendants deny the remaining allegations contained in this paragraph to the extent they are inconsistent with the terms of the summary plan description.

43.     Employees of World Travel participate in the Plan.

**ANSWER:** The Paredes Defendants admit that certain of World Travel's employees may participate in the Plan, but deny the remaining allegations in this paragraph.

44.     World Travel is the sponsor of the Plan within the meaning of ERISA § 3(16)(B),

29 U.S.C. § 1002(16)(B).

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants admit the allegations in this paragraph.

45.     World Travel is the Plan's administrator, within the meaning of ERISA §

3(16)(A), 29 U.S.C. § 1002(16)(A).

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants admit the allegations in this paragraph.

46.     World Travel is and was an ERISA fiduciary to the Plan as its administrator.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants admit World Travel is named as plan administrator in the plan document, but deny the remaining allegations in this paragraph.

47.     World Travel is a named fiduciary under the terms of the Plan, within the

meaning of ERISA § 402(a), 29 U.S.C. § 1102(a).

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants admit that this paragraph purports to paraphrase quote, and/or cite to a provision of ERISA, but relies on the statute to speak for itself.  The Paredes Defendants deny the remaining allegations in this paragraph to the extent they are inconsistent with the statutory text.

48.     The Schedule H, Line 4i, Schedule of Assets (Held at End of Year) in the Plan's

Forms 5500 represent that World Travel is, and has been since the Plan's adoption, a party in

interest to the Plan.

**ANSWER:** The Paredes Defendants admit that this paragraph purports to paraphrase, quote, and/or cite to a Form 5500, but rely on that document to speak for itself.  The Paredes Defendants deny the remaining allegations contained in this paragraph to the extent they are inconsistent with the terms of the Form 5500.

49.     The Notes to Financial Statements to the Plan's Forms 5500 report that the Plan's

investment in World Travel common stock and indebtedness guaranteed by World Travel are

party-in-interest transactions.

**ANSWER:** The Paredes Defendants admit that this paragraph purports to paraphrase, quote, and/or cite to a Form 5500, but rely on that document to speak for itself.  The Paredes Defendants deny the remaining allegations contained in this paragraph to the extent they are inconsistent with the terms of the Form 5500.

50.     The Plan's Forms 5500 were signed on behalf of World Travel, as Plan

Administrator, under penalty of perjury.

**ANSWER:** The Paredes Defendants admit that this paragraph purports to paraphrase, quote, and/or cite to a Form 5500, but rely on that document to speak for itself.  The Paredes Defendants deny the remaining allegations contained in this paragraph to the extent they are inconsistent with the terms of the Form 5500.

51.     World Travel is and was at the time of the ESOP Transaction a party in interest to the Plan under ERISA § 3(14), 29 U.S.C. § 1002(14).

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

52.     World Travel, upon selection by its Board of Directors, appointed the Trustee as trustee of the Plan. As trustee, the Trustee had sole and exclusive authority to negotiate and approve the ESOP Transaction on behalf of the Plan, including the price the Plan paid for World Travel stock.

**ANSWER:** The Paredes Defendants admit that Mr. Paredes was engaged as trustee of the ESOP for the purposes of representing the ESOP in the Transaction.  The remainder of this paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the remaining allegations in this paragraph.

53.     As trustee for the Plan, it was the Trustee's exclusive duty to ensure that any transactions between the Plan and the Selling Shareholders and between the Plan and World Travel, including acquisitions of World Travel stock by the Plan and loans to the Plan, were fair and reasonable and to ensure that the Plan paid no more than fair market value.

**ANSWER:** The Paredes Defendants admit that Mr. Paredes was engaged as trustee of the ESOP for the purposes of representing the ESOP in the Transaction.  The remainder of this paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the remaining allegations in this paragraph.

54.     The Trustee received consideration for its own personal account from World Travel for its services in the ESOP Transaction, in the form of fees and an indemnification agreement, under a contract made when the Selling Shareholders owned World Travel.

**ANSWER:** The Paredes Defendants admit that Mr. Paredes, as trustee, received the fees described in his engagement agreement in exchange for the trustee-related services described in his engagement agreement, but deny the remaining allegations in this paragraph.

55.     Defendant PFS was founded in February 2017. It registered as a limited liability company in California on February 24, 2017.

**ANSWER:** The Paredes Defendants admit the allegations in this paragraph.

56.     On or about December 20, 2017, the Plan purchased from the Selling

Shareholders, directly or indirectly, 19,860,000 shares of World Travel common stock for

$200,573,217. At that time, World Travel became 100% employee owned.

**ANSWER:** The Paredes Defendants admit that the Plan acquired World Travel common stock in a December 2017 leveraged stock purchase transaction, but deny the remaining allegations in this paragraph.

57.     World Travel issued new shares in December 2017 as it became 100% employee

owned.

**ANSWER:** The Paredes Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore deny them.

58.     Plaintiffs further allege that the following factual allegations in this paragraph will

likely have evidentiary support after a reasonable opportunity for further investigation or

discovery. The Plan purchased World Travel stock, directly or indirectly, from the Selling

Shareholders, and/or from World Travel after World Travel redeemed and/or purchased the

Selling Shareholders' stock.

**ANSWER:** The Paredes Defendants admit that the Plan acquired World Travel common stock in a December 2017 leveraged stock purchase transaction, but deny the remaining allegations in this paragraph.

59.     In December 2017, the Plan entered into a $200,573,217 term loan agreement

with World Travel to purchase the shares of World Travel common stock. The borrowing is

collateralized by the unallocated shares of World Travel common stock. The loan bears interest

at an annual nominal rate of 2.64%. The borrowing is to be repaid over a period of 45 years.

**ANSWER:** The Paredes Defendants admit that the Plan acquired World Travel common stock in a December 2017 leveraged stock purchase transaction that included a loan from World Travel bearing interest at the prime rate of a lender at 2.64% to be repaid over 45 years, but deny the remaining allegations in this paragraph.

60.     Defendants James R. Wells, Richard G. Wells, and Jim Wells founded World Travel in 1983 and were World Travel shareholders and directors at the time of the ESOP Transaction in 2017. Jim Wells was Chairman of the Board of Directors prior to, at the time of, and after the ESOP Transaction, and continues in that role at present.

**ANSWER:** The Paredes Defendants admit that the company was founded in 1983 by certain members of the Wells family, but deny the remaining allegations in sentence 1. The Paredes Defendants admit that Jim Wells was Chairman of the Board of Directors at the time of the Transaction, but deny the remaining allegations in sentence 2.

61.     According to Confidential Witness 1 ("CW1"), Defendant Jim Wells exercised control over most aspects of World Travel's operations prior to and at the time of the Transaction.

**ANSWER:** The Paredes Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore deny them.

62.     Plaintiffs further allege that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. James R. Wells, Richard G. Wells, and Jim Wells were 10 percent or more shareholders directly or indirectly of World Travel. James R. Wells, Richard G. Wells, and Jim Wells sold, exchanged or transferred World Travel stock to the Plan, directly or indirectly. At the time of the ESOP Transaction, James R. Wells, Richard G. Wells, and Jim Wells were parties in interest to the Plan under ERISA § 3(14), 29 U.S.C. § 1002(14), as 10 percent or more shareholders, directly or indirectly, of World Travel, and/or as directors, and/or as officers or individuals having powers or responsibilities similar to those of officers. Defendant Jim Wells was centrally involved in conceiving of, facilitating, and executing the sale of World Travel to the Plan, including directing the preparation of financial projections underlying the stock appraisal that the Trustee relied upon.

**ANSWER:** The Paredes Defendants deny the allegations in this paragraph.

63.     Following the ESOP Transaction, the members of the World Travel Board of Directors maintained control of the company in part through their power to appoint and remove the Trustee and to appoint and remove the Plan Administrator, which has authority to direct the actions of the "directed trustee," including on matters not subject to the vote of Plan participants by law and under the Plan's governing instruments. Under the Plan and the Trust Agreement, the Trustee is not a directed trustee with regard to the acquisition of World Travel stock.

**ANSWER:** The Paredes Defendants deny the allegations in sentence 1. The Paredes Defendants admit that sentence 2 purports to paraphrase, quote, and/or cite to plan document and trust agreement, but rely on those documents to speak for themselves.  The Paredes Defendants deny the remaining allegations in sentence 2 to the extent they are inconsistent with the terms of the plan document and trust agreement.

64.     That the Selling Shareholders sold World Travel while retaining control over it has been corroborated by CW1, who understands that the idea to create an ESOP to purchase World Travel originated when Richard G. Wells wanted to monetize his interest in the company even as the Selling Shareholders did not want to divest their control over it by selling to an unaffiliated third-party.

**ANSWER:** The Paredes Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore deny them.

65.     Defendant Jim Wells stated following the Transaction that "our board of directors and management team remains in place."

**ANSWER:** The Paredes Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore deny them.

66.     Despite the Plan's purchase of 100% of World Travel, Jim Wells stated that "I'm not going anywhere" and that a senior leadership succession plan he had put in place several years earlier also was still intact.

**ANSWER:** The Paredes Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore deny them.

67.     Plaintiffs further allege that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. The Plan paid a control premium for World Travel even though the Plan did not obtain control over the World Travel Board of Directors upon its 2017 purchase of the company. Further, the Plan did not receive a discount for lack of control. The Plan therefore overpaid for World Travel. The Selling Shareholders retained control of the Board as a result of warrants received in exchange for their World Travel shares, instruments governing the Plan, and other Transaction and/or corporate documents.

**ANSWER:** The Paredes Defendants deny the allegations in this paragraph.

68.     According to CW1, World Travel had revenue-sharing agreements with a number of its clients, by which World Travel was to refund some of the commissions its travel partners provided it for earned bookings. According to CW1, Jim Wells was fully aware of and controlled how World Travel accrued liabilities resulting from these revenue-sharing agreements and Jim Wells instructed that World Travel employees should not follow up on amounts due to clients unless the client brought it up.

**ANSWER:** The Paredes Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore deny them.

69.     Plaintiffs further allege that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.  World Travel did not fully report the scale of these liabilities in its financial records, or have reserves on hand to cover them, at the time of the Transaction. The price the Plan paid the Selling Shareholders did not account for World Travel's undisclosed liabilities.

**ANSWER:** The Paredes Defendants deny the allegations in this paragraph.

70.     As Plan trustee, the Trustee is subject to liability for a payment by the Plan of more than fair market value for World Travel stock caused by the Plan's payment of a control premium where a previous owner or owners retained control of World Travel, the Plan's failure to receive a discount for lack of control, and/or other factors in the Trustee's faulty valuation of World Travel in the ESOP Transaction.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

71.     Plaintiffs further allege that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. World Travel provided financial projections to the Trustee for the valuation for the ESOP Transaction. The financial projections were unreasonably optimistic.

**ANSWER:** The Paredes Defendants deny the allegations in this paragraph.

72.     Plaintiffs further allege that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. The Trustee did not perform due diligence in the course of the ESOP Transaction similar to the due diligence that is performed by third-party buyers in large corporate transactions. The Trustee's due diligence in the ESOP Transaction was less extensive and thorough than the due diligence performed by third-party buyers in corporate transactions of similar size and complexity. The Plan overpaid for World Travel stock in the ESOP Transaction due to the Trustee's reliance on unrealistic growth projections, unreliable or out-of-date financials, improper discount rates, inappropriate comparable companies, and/or its failure to test assumptions, failure to question or challenge underlying assumptions, and/or other factors that rendered its valuation of World Travel stock in the ESOP Transaction faulty. Due to the Plan's

overpayment, the Plan's participants, including Plaintiffs, received diminished stock allocations, saw their Plan take on excessive debt to finance the Transaction, and suffered losses to their individual Plan accounts.

**ANSWER:** The Paredes Defendants deny the allegations in this paragraph.

73.    Incentives to the Trustee to act in favor of the Selling Shareholders in the ESOP Transaction in breach of its duty of loyalty to the Plan included the possibility of business from sellers of companies who understood that the Trustee applied a lesser degree of due diligence in ESOP purchases of businesses than is typical for non-ESOP-buyers' purchases of businesses, and engagement as the Plan's ongoing trustee after the ESOP Transaction and the fees paid for that engagement.

**ANSWER:** The Paredes Defendants deny the allegations in this paragraph.

74.    The Trustee is liable to the Plan for the difference between the price paid by the Plan and the fair market value of World Travel shares at the time of the ESOP Transaction.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

75.    The Selling Shareholders are liable to the Plan to repay the difference between the price they received and the fair market value of their World Travel shares at the time of the ESOP Transaction.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

76.    Pursuant to the Trustee's engagement agreement, World Travel, when it was owned by the Selling Shareholders, agreed to indemnify the Trustee as Plan Trustee in connection with the ESOP Transaction, and the Trust Agreement contained an additional indemnification agreement. The indemnification agreement is something of value, potentially

worth millions of dollars of defense costs and/or liability in ERISA private company ESOP litigation.

**ANSWER:** The Paredes Defendants admit that this paragraph purports to paraphrase, quote, and/or cite to an engagement agreement and trust agreement, but rely on those documents to speak for themselves. The Paredes Defendants deny the remaining allegations contained in this paragraph to the extent they are inconsistent with the terms of those documents.

77.     Plaintiffs further allege that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. The indemnification agreement does not contain an exemption addressing violation of the *per se* prohibited transaction rules under ERISA § 406. The indemnification agreement does not require payment of interest or otherwise account for the time value of money should the Trustee ultimately be required to reimburse World Travel.

**ANSWER:** The Paredes Defendants deny the allegations in this paragraph.

78.     The indemnification agreement is invalid under ERISA § 410(a), 29 U.S.C. § 1110(a), as against public policy because the Trustee violated its ERISA duties to the Plan, and its legal defense and liability for the Plan's losses should not be paid by the company that the Plan owns.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

79.     Payment by World Travel of millions of dollars of attorneys' fees, costs, litigation expenses, and liabilities to the Trustee necessarily would adversely impact World Travel's equity value and therefore the value of Plan assets. Direct payment or reimbursement of the Trustee's attorneys' fees, costs, litigation expenses, and liabilities by World Travel, or the Plan that owns it, would adversely affect the Plan and Plaintiffs' and other participants' financial interests.

**ANSWER:** The Paredes Defendants deny the allegations in this paragraph.

## CLAIMS FOR RELIEF

### COUNT I

**Causing and Engaging in Prohibited Transactions Forbidden by ERISA § 406(a)–(b), 29 U.S.C. § 1106(a)–(b), Against Trustee PFS and Miguel Paredes**

80.     Plaintiffs incorporate the preceding paragraphs as though set forth herein.

**ANSWER:** The Paredes Defendants incorporate their previous answers as though set forth herein.

81.     ERISA § 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A), prohibits a plan fiduciary, here the Trustee, PFS and Miguel Paredes, from causing a plan, here the Plan, to engage in a sale or exchange of any property, here World Travel stock, with a party in interest, here the Selling Shareholders and/or World Travel, as took place in the ESOP Transaction.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

82.     ERISA § 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B), prohibits the Trustee from causing the Plan to borrow money from a party in interest, here World Travel, as took place in the ESOP Transaction.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

83.     ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D), prohibits the Trustee from causing the Plan to engage in a transaction that constitutes a direct or indirect transfer to, or use by or for the benefit of, a party in interest, here the Selling Shareholders, of any assets of the Plan, as took place in and after the ESOP Transaction with the transfer of Plan assets as payment for World Travel stock and in continuing payments on the loan.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

84.     The stock and loan transactions between the Plan and the parties in interest were authorized by the Trustee in its capacity as trustee for the Plan.

**ANSWER:** The Paredes Defendants admit that Mr. Paredes, as trustee, caused the Plan to enter into the Transaction.  The remainder of this paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in the remainder of this paragraph.

85.     The Trustee caused the Plan to engage in prohibited transactions in violation of ERISA § 406(a), 29 U.S.C. § 1106(a), in the ESOP Transaction.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

86.     ERISA § 406(b), 29 U.S.C. § 1106(b), *inter alia*, mandates that a plan fiduciary shall not "act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants," or "receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan."

**ANSWER:** The Paredes Defendants admit that this paragraph purports to paraphrase, quote, and/or cite to a provision of ERISA, but relies on the statute to speak for itself.  The Paredes Defendants deny the remaining allegations contained in this paragraph to the extent they are inconsistent with the statutory text.

87.     The Trustee caused the Plan to acquire World Travel stock from the Selling Shareholders and/or World Travel above fair market value and with the proceeds of a loan that was used to pay the Selling Shareholders. This primarily benefited the Selling Shareholders to the substantial detriment of the Plan and its participants and beneficiaries, even though the Trustee was required to act solely in the interests of the Plan's participants and beneficiaries in connection with any such transaction.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

88.     The Trustee received consideration for its own personal account from World

Travel—fees and an indemnification agreement—as trustee for the Plan in the ESOP

Transaction, in violation of ERISA § 406(b)(3).

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

89.     The Trustee caused and engaged in prohibited transactions in violation of ERISA

§ 406(b), 29 U.S.C. § 1106(b), in the ESOP Transaction.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

90.     ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a

fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or

duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the

plan any losses to the plan resulting from each such breach, and additionally is subject to such

other equitable or remedial relief as the court may deem appropriate.

**ANSWER:** The Paredes Defendants admit that this paragraph purports to paraphrase, quote, and/or cite to a provision of ERISA, but relies on the statute to speak for itself.  The Paredes Defendants deny the remaining allegations contained in this paragraph to the extent they are inconsistent with the statutory text.

91.     ERISA § 502(a), 29 U.S.C. § 1132(a), permits a plan participant to bring a suit for

relief under ERISA § 409 and to obtain appropriate equitable relief to enforce the provisions of

Title I of ERISA or to enforce the terms of a plan.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

92.     The Trustee, PFS and Miguel Paredes, has caused losses to the Plan by the

prohibited transactions in an amount to be proved specifically at trial.

**ANSWER:** The Paredes Defendants deny the allegations in this paragraph.

## COUNT II

**Breaches of Fiduciary Duty Under ERISA § 404(a), 29 U.S.C. § 1104(a), Against Trustee PFS and Miguel Paredes**

93.     Plaintiffs incorporate the preceding paragraphs as though set forth herein.

**ANSWER:** The Paredes Defendants incorporate their previous answers as though set forth herein.

94.     ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires, *inter alia*, that a plan fiduciary discharge his or her duties with respect to a plan solely in the interest of the participants and beneficiaries, (A) for the exclusive purpose of providing benefits to participants and the beneficiaries of the plan and defraying reasonable expenses of administering the plan, (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with ERISA.

**ANSWER:** The Paredes Defendants admit that this paragraph purports to paraphrase, quote, and/or cite to a provision of ERISA, but relies on the statute to speak for itself.  The Paredes Defendants deny the remaining allegations contained in this paragraph to the extent they are inconsistent with the statutory text.

95.     The fiduciary duty of loyalty entails a duty to avoid conflicts of interest and to resolve them promptly when they occur. A fiduciary must always administer a plan with an "eye single" to the interests of the participants and beneficiaries, regardless of the interests of the fiduciaries themselves or the plan sponsor.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

96.     ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach, and additionally is subject to such other equitable or remedial relief as the court may deem appropriate.

**ANSWER:** The Paredes Defendants admit that this paragraph purports to paraphrase, quote, and/or cite to a provision of ERISA, but relies on the statute to speak for itself.  The Paredes Defendants deny the remaining allegations contained in this paragraph to the extent they are inconsistent with the statutory text.

97.     ERISA § 502(a), 29 U.S.C. § 1132(a), permits a plan participant to bring a suit for relief under ERISA § 409 and to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

98.     The Trustee, PFS and Miguel Paredes, was required to undertake an appropriate and independent investigation of the fair market value of World Travel stock in or about December 2017 in order to fulfill its fiduciary duties, and an appropriate investigation would have revealed that the valuation used for the ESOP Transaction did not reflect the fair market value of the World Travel stock purchased by the Plan. The Trustee failed to conduct a thorough investigation into the merits of the investment and further breached its duties in approving the Plan's purchase of World Travel stock at the price agreed to in the ESOP Transaction.

**ANSWER:** The Paredes Defendants deny the allegations in this paragraph.

99.     The Trustee breached its duties under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1).

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

100.    The Trustee has caused losses to the Plan by its breaches of fiduciary duty in an amount to be proved specifically at trial.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

## COUNT III

### Violation of ERISA §§ 410 and 404(a)(1)(A), (B), 29 U.S.C. §§ 1110 and 1104(a)(1)(A), (B), Against Trustee PFS and Miguel Paredes

101.    Plaintiffs incorporate the preceding paragraphs as though set forth herein.

**ANSWER:** The Paredes Defendants incorporate their previous answers as though set forth herein.

102.    ERISA § 410(a), 29 U.S.C. § 1110(a), provides in relevant part (with exceptions not applicable here) that "any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part [Part IV of Subtitle B of Title I of ERISA] shall be void as against public policy." As ERISA § 406 is under Part IV, any provision that attempts to relieve The Trustee, PFS and Miguel Paredes, a Plan fiduciary, of responsibility or liability is void pursuant to ERISA § 410(a) unless there is an exception or exemption. No such exception or exemption is applicable to the Count I and II claims here.

**ANSWER:** The Paredes Defendants admit that sentences 1 and 2 purport to paraphrase, quote, and/or cite to a provision of ERISA, but relies on the statute to speak for itself.  The Paredes Defendants deny the remaining allegations contained in sentences 1 and 2 to the extent they are inconsistent with the statutory text. Sentence 3 states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

103.    ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the

plan any losses to the plan resulting from each such breach, and additionally is subject to such

other equitable or remedial relief as the court may deem appropriate.

**ANSWER:** The Paredes Defendants admit that this paragraph purports to paraphrase, quote, and/or cite to a provision of ERISA, but relies on the statute to speak for itself.  The Paredes Defendants deny the remaining allegations contained in this paragraph to the extent they are inconsistent with the statutory text.

104.    ERISA § 502(a), 29 U.S.C. § 1132(a), permits a plan participant to bring a suit for

relief under ERISA § 409 and to obtain appropriate equitable relief to enforce the provisions of

Title I of ERISA or to enforce the terms of a plan.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

105.    The indemnification agreement purports to provide payment or reimbursement for

the benefit of the Trustee for all expenses, including but not limited to costs and attorneys' fees.

**ANSWER:** The Paredes Defendants admit that this paragraph purports to paraphrase, quote, and/or cite to provisions governing the operation of the Plan and/or Mr. Paredes's engagement as trustee, but rely on those documents to speak for itself. The Paredes Defendants deny the remaining allegations contained in this paragraph to the extent they are inconsistent with the terms of the Plan document.

106.    To the extent that the indemnification agreement attempts to relieve the Trustee of

its responsibility or liability to discharge its duties under ERISA, or attempts to have World

Travel (a Plan-owned company) and thereby the Plan be responsible for the Trustee's liability for

breaches of the statute, including but not limited to defense costs, such provisions are void as

against public policy.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

107.    To the extent that any of the fiduciaries of the Plan would agree to the exercise of

such a provision that is void against public policy under ERISA § 410, they breached their

fiduciary duties under ERISA by failing to discharge their duties with respect to the Plan solely

in the interest of the participants and beneficiaries and with the care, skill, prudence and

diligence under the circumstances then prevailing that a prudent person acting in a like capacity

and familiar with such matters would use in the conduct of an enterprise of like character and

aims, in violation of ERISA § 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A) and (B). *See also*

ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1).

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To
the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

108.     As a result of the foregoing, should it be held liable under the preceding Counts I

or II, the Trustee should be ordered to disgorge any indemnification payments made by World

Travel and/or the Plan, plus interest.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To
the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

### COUNT IV

**Prohibited Transactions Pursuant to 29 U.S.C. § 1132(a)(3), Against the Selling
Shareholders Jim Wells, James R. Wells, and Richard G. Wells**

109.     Plaintiffs incorporate the preceding paragraphs as though set forth herein.

**ANSWER:** The Paredes Defendants incorporate their previous answers as though set
forth herein.

110.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a plan participant to bring a

civil action to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or

to enforce the terms of a plan.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To
the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

111.     The Supreme Court has held that anyone, including a non-fiduciary, who receives

the benefit of conduct that violates ERISA may be subject to equitable remedies under ERISA §

502(a)(3) if they have "actual or constructive knowledge of the circumstances that rendered the

transaction unlawful." *Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 251 (2000).

**ANSWER:** The Paredes Defendants admit that this paragraph purports to paraphrase, quote, and/or cite to the opinion issued in *Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.,* 530 U.S. 238, 251 (2000), but relies on the opinion to speak for itself.  The Paredes Defendants deny the remaining allegations contained in this paragraph to the extent they are inconsistent with the opinion.

112.     As a result of the prohibited transactions described above, the Selling Shareholders received Plan assets in payments above fair market value for their World Travel stock.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

113.     The Selling Shareholders were parties in interest to the Plan under ERISA § 3(14), 29 U.S.C. § 1002(14), as described above.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

114.     The Selling Shareholders knew or should have known: (1) about the existence of the Plan, (2) about the Plan's purchase, directly or indirectly, of their World Travel stock in the ESOP Transaction, (3) that the Trustee was a fiduciary to the Plan, (4) that they were directors and 10% or more shareholders of World Travel or otherwise parties in interest, and (5) that the Trustee caused the Plan to engage in the stock purchase transaction.

**ANSWER:** The Paredes Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore deny them.

115.     As directors of World Travel and as selling shareholders, the Selling Shareholders were aware of sufficient facts that the ESOP Transaction constituted a prohibited transaction with parties in interest. As parties in interest, the Selling Shareholders are liable for violations of ERISA § 406(a)(1)(A) and (D), 29 U.S.C. § 1106(a)(1)(A) and (D).

30

**ANSWER:** The Paredes Defendants lack knowledge or information sufficient to admit or deny the allegations in sentence 1, and therefore deny them.  Sentence 2 states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in sentence 2.

116.    The Selling Shareholders have profited from the prohibited transactions in an amount to be proven at trial, and upon information and belief, they remain in possession of some or all of the assets that belong to the Plan.

**ANSWER:** The Paredes Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore deny them.

117.    The Selling Shareholders are subject to appropriate equitable relief including disgorgement of any profits, accounting for profits, surcharge, having a constructive trust placed on any proceeds received (or which are traceable thereto), having the transactions rescinded, requiring all or part of the consideration to be restored to the Plan, or to be subject to other appropriate equitable relief.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

## COUNT V

### Co-Fiduciary Liability Under ERISA § 405(a), 29 U.S.C. § 1105(a)
### Against the Selling Shareholders Jim Wells, James R. Wells, and Richard G. Wells

118.    Plaintiffs incorporate the preceding paragraphs as though set forth herein.

**ANSWER:** The Paredes Defendants incorporate their previous answers as though set forth herein.

119.    ERISA § 405(a)(1), 29 U.S.C. § 1105(a)(1), provides that a fiduciary "with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan . . . if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such an act or omission was a breach."

**ANSWER:** The Paredes Defendants admit that this paragraph purports to paraphrase, quote, and/or cite to a provision of ERISA, but relies on the statute to speak for itself.  The

Paredes Defendants deny the remaining allegations contained in this paragraph to the extent they are inconsistent with the statutory text.

120.    ERISA § 405(a)(2), 29 U.S.C. § 1105(a)(2), further provides liability on a

fiduciary "if, by his failure to comply with section 1104(a)(1) of this title in the administration of

his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other

fiduciary to commit a breach."

**ANSWER:** The Paredes Defendants admit that this paragraph purports to paraphrase, quote, and/or cite to a provision of ERISA, but relies on the statute to speak for itself.  The Paredes Defendants deny the remaining allegations contained in this paragraph to the extent they are inconsistent with the statutory text.

121.    ERISA § 405(a)(3), 29 U.S.C. § 1105(a)(3), further provides liability on a

fiduciary "if he has knowledge of a breach by such other fiduciary, unless he makes reasonable

efforts under the circumstances to remedy the breach."

**ANSWER:** The Paredes Defendants admit that this paragraph purports to paraphrase, quote, and/or cite to a provision of ERISA, but relies on the statute to speak for itself.  The Paredes Defendants deny the remaining allegations contained in this paragraph to the extent they are inconsistent with the statutory text.

122.    The Selling Shareholders were all members of the World Travel Board of

Directors with authority to appoint and remove the Trustee and the Plan Administrator, and thus

each Selling Shareholder was a fiduciary with respect to the Plan at the time of the ESOP

Transaction.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

123.    Given their involvement in the ESOP Transaction, their positions as directors,

their access to company financial information, Jim Wells' particular authority in the company,

and their appointment of the Trustee, the Selling Shareholders knew or should have known of the

fiduciary breaches of the Trustee in connection with its faulty due diligence and imprudent

approval of the stock purchase for more than fair market value, and the Selling Shareholders knowingly participated in the Trustee's fiduciary breaches, and enabled the Trustee's fiduciary breach by themselves failing to monitor as required of an appointing fiduciary.

**ANSWER:** The Paredes Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore deny them.

124.     As such, under ERISA § 405(a)(1)-(2), 29 U.S.C. § 1105(a)(1)-(2), the Selling Shareholders are liable as co-fiduciaries for the Plan's losses resulting from the Trustee's fiduciary breaches.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

125.     The Selling Shareholders failed to make reasonable efforts to remedy the Trustee's violations of ERISA associated with the ESOP Transaction despite knowing of such violations, such as preventing the Plan's overpayment, reimbursing the Plan, or bringing the matter to the attention of the Secretary of Labor.

**ANSWER:** The Paredes Defendants deny the allegations in this paragraph.

126.     Pursuant to ERISA § 405(a)(3), 29 U.S.C. § 1105(a)(3), the Selling Shareholders are liable as co-fiduciaries for the Plan's losses resulting from the Trustee's fiduciary breaches

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

## CLASS ACTION ALLEGATIONS

127.     Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b), on behalf of the following class:

> All vested participants in the World Travel, Inc. Employee Stock Ownership Plan ("Plan") and the beneficiaries of such participants as of the date of the December 2017 ESOP Transaction or anytime thereafter. Excluded from the Class are the shareholders who sold their World Travel, Inc. stock to the Plan, directly or indirectly, and their immediate families;

the directors of World Travel, Inc. and their immediate families; and legal
representatives, successors, and assigns of any such excluded persons.

**ANSWER:** The Paredes Defendants admit that Plaintiffs purport to bring this action as a
class action pursuant to Fed. R. Civ. P. 23(a) and (b).  The Paredes Defendants deny that class
certification is appropriate or that the proposed class definition would be appropriate if a class
were certified.

128.    The Class is so numerous that joinder of all members is impracticable. Although

the exact number and identities of Class members are unknown to Plaintiffs at this time, the

Plan's Form 5500 filing for 2019 indicates that as of December 31, 2019, there were 564

participants in the Plan.

**ANSWER:** Sentence 1 states legal conclusions to which no response is required.  To the
extent a response is required, the Paredes Defendants deny the allegations in sentence 1.  The
Paredes Defendants admits that sentence 2 accurately summarizing the Plan's 2019 Form 5500
filing, but lacks knowledge or information sufficient to form a belief as to the remaining
allegations in sentence 2, and therefore deny them.

129.    Questions of law and fact common to the Class as a whole include, but are not

limited to, the following:

     i.    Whether the Trustee served as trustee in the Plan's acquisition of World
Travel stock;

    ii.    Whether the Trustee was an ERISA fiduciary of the Plan;

    iii.    Whether the Trustee caused the Plan to engage in prohibited transactions
under ERISA by permitting the Plan to purchase World Travel stock and take
loans from parties in interest;

    iv.    Whether the Trustee engaged in good faith valuations of the World Travel
stock in connection with the ESOP Transaction;

    v.    Whether the Trustee caused the Plan to pay more than fair market value for
World Travel stock;

vi.  Whether the Trustee engaged in a prohibited transaction under ERISA by acting on behalf of a party adverse to the Plan and its participants in the ESOP Transaction;

vii. Whether the Trustee engaged in a prohibited transaction under ERISA by receiving consideration for its own account in the ESOP Transaction;

viii.    Whether the Trustee breached its fiduciary duty to undertake an appropriate and independent investigation of the fair market value of World Travel stock in or about December 2017 and to prevent the Plan from overpaying;

ix.  Whether World Travel was a party in interest;

x.   Whether the Selling Shareholders were parties in interest;

xi.  Whether the Selling Shareholders, as parties in interest, participated in prohibited transactions;

xii. Whether the Selling Shareholders were fiduciaries;

xiii.    Whether the Selling Shareholders are liable as co-fiduciaries for the fiduciary breaches by the Trustee;

xiv.    The amount of losses suffered by the Plan and its participants as a result of the Trustee's ERISA violations;

xv. The appropriate relief for the Trustee's violations of ERISA; and

xvi.    The appropriate relief for Selling Shareholders' knowing participation in the Trustee's violations of ERISA.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

130.    Plaintiffs' claims are typical of those of the Class. For example, Plaintiffs, like other Plan participants in the Class, suffered a diminution in the value of their Plan accounts because the Plan paid above fair market value and took on an excessive loan for World Travel stock, resulting in them being allocated fewer shares of stock, and they continue to suffer such losses in the present because the Trustee failed to correct the overpayment by the Plan.

**ANSWER:** Sentence 1 states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in sentence 1. The Paredes Defendants deny the allegations in sentence 2.

131.    Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel competent and experienced in complex class actions, ERISA, and employee benefits litigation.

**ANSWER:** The Paredes Defendants admit that Plaintiffs have retained counsel, but deny the remaining allegations in this paragraph.

132.    Class certification of Plaintiffs' Claims for Relief for the alleged violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the Trustee, and/or because adjudications with respect to individual Class members would as a practical matter be dispositive of the interests of non-party Class members.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

133.    In the alternative, class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Class as a whole. This action challenges whether Defendants acted consistently with their

fiduciary duties or otherwise violated ERISA as to the Plan as a whole. The members of the

Class are entitled to declaratory and injunctive relief to remedy Defendants' fiduciary violations.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the Paredes Defendants deny the allegations in this paragraph.

134.    The names and addresses of the Class members are available from the Plan.

Notice will be provided to all members of the Class to the extent required by Fed. R. Civ. P. 23.

**ANSWER:** The Paredes Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore deny them.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment against Defendants and for the following relief:

A. Declare that Defendant Trustee caused the Plan to engage in and itself engaged in

prohibited transactions and thereby breached its duties under ERISA;

B. Declare that the Selling Shareholders participated in prohibited transactions with the

Plan in violation of ERISA;

C. Declare that Defendant Trustee breached its fiduciary duties under ERISA to the Plan

and the class members;

D. Declare that the Selling Shareholders are liable as co-fiduciaries for Defendant

Trustee's breaches of fiduciary duty;

E. Order each Defendant found to have violated ERISA to jointly and severally make

good to the Plan and/or to any successor trust(s) the losses resulting from the breaches of ERISA

and restore any profits it, he, or she has made through use of assets of the Plan;

F. Order that Defendants provide other appropriate equitable relief to the Plan and its

participants and beneficiaries, including but not limited to surcharge, providing an accounting for

profits, and imposing a constructive trust and/or equitable lien on any funds wrongfully held by Defendants;

G. Order the proceeds of any recovery for the Plan to be allocated to the accounts of the class members to make them whole for any injury that they suffered as a result of the breaches of ERISA in accordance with the Court's declaration;

H. Order the allocation to the accounts of the class members of the additional shares of stock that would have been allocated but for the Plan's overpayment on company stock and Defendants' breaches of ERISA;

I. Declare that the indemnification agreement between Defendant Trustee and World Travel violates ERISA § 410, 29 U.S.C. § 1110;

J. Order Defendant Trustee to reimburse World Travel for any money paid by World Travel under any indemnification agreement between the Trustee and World Travel, plus interest;

K. Award Plaintiffs reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or for the benefit obtained for the common fund;

L. Order Defendant Trustee to disgorge any fees it received in conjunction with its services as trustee for the Plan in the ESOP Transaction as well as any earnings and profits thereon;

M. Enjoin Defendants from dissipating any of the proceeds they received from the Transaction held in their actual or constructive possession until the Plan participants' rights can be adjudicated;

N. Enjoin Defendants from transferring or disposing of any of the proceeds they received

from the Transaction to any person or entity, which would prejudice, frustrate, or impair the Plan

participants' ability to recover the same;

O. Order Defendants to pay prejudgment and post-judgment interest;

P. Certify this action as a class action pursuant to Fed. R. Civ. P. 23, certify the named

Plaintiffs as class representatives and their counsel as class counsel; and

Q. Award such other and further relief as the Court deems equitable and just.

**ANSWER:** In response to Plaintiffs' Prayer for Relief and each of its subparts, the
Paredes Defendants deny that Plaintiffs are entitled to any of the relief requested or to any relief
whatsoever.

## THE PAREDES DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:  Lack of Intent.

Plaintiffs have not alleged and cannot establish that the Paredes Defendants had any

subjective intent to benefit any party in interest, as required by ERISA section 406(a).

### SECOND AFFIRMATIVE DEFENSE:  Failure to State a Claim.

Plaintiffs' Complaint fails, in whole or in part, to state a cause of action upon which relief

can be granted under ERISA sections 404 and 406.

### THIRD AFFIRMATIVE DEFENSE:  Lack of Standing.

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' lack of standing to assert

such claims.

### FOURTH AFFIRMATIVE DEFENSE:  Statute of Limitations.

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations

or repose including, but not limited to, ERISA section 413.

### FIFTH AFFIRMATIVE DEFENSE:  No Loss.

Plaintiffs' claims are barred because the ESOP and its participants have not suffered any loss or injury and/or due to lack of loss causation.

### SIXTH AFFIRMATIVE DEFENSE: Exemptions from Prohibited Transactions.

To the extent that ERISA section 408 and/or other exemptions to ERISA section 406 are not treated as an element of Plaintiffs' prohibited transaction claims, Plaintiffs' prohibited transaction claims fail in whole or in part because there is an applicable exemption to each of Plaintiffs' prohibited transaction claims arising under ERISA section 406.

### RESERVATION OF DEFENSES

The Paredes Defendants reserve the right to assert additional affirmative defenses as they may become evident during the course of discovery or during further investigation into the background of this matter.

Dated: March 4, 2022                                        Respectfully submitted,

**GROOM LAW GROUP, CHARTERED**
By: */s/ Lars C. Golumbic*
Lars C. Golumbic (*pro hac vice*)
William J. Delany (PA Bar No. 74864)
Andrew D. Salek-Raham (*pro hac vice*)
1701 Pennsylvania Ave., NW, Suite 1200
Washington, DC 20006
Telephone: (202) 857-0620
Facsimile: (202) 659-4503
lgolumbic@groom.com
wdelany@groom.com
asalek-raham@groom.com

*Attorneys for Paredes Defendants*

**CERTIFICATE OF SERVICE**

I certify that, on March 4, 2022, I served the foregoing on all parties of record via ECF.

*/s/ Lars C. Golumbic*
Lars. C. Golumbic