**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SHARI AHRENDSEN,** **BARRY CLEMENT, and** **LISA BUSH, on behalf of the World Travel, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,** | |
| **Plaintiffs,** | **Case No. 2:21-CV-02157-HB** |
| **v.** | |
| **PRUDENT FIDUCIARY SERVICES, LLC, et. al.,** | |
| **Defendants.** | |

## STIPULATED CONFIDENTIALITY ORDER

Plaintiffs Shari Ahrendsen, Barry Clement and Lisa Bush ("Plaintiffs") and defendants Prudent Fiduciary Services, LLC, Miguel Paredes, James A. Wells ("Defendants" and together with Plaintiffs, the "Parties"), by and through their counsel of record, stipulate as follows:

### 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties stipulate to and petition the Court to enter the following Stipulated Confidentiality Order (the "Order").  The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

1

2.    **DEFINITIONS**

a.    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

b.    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)(1)(G)</u>, which includes (1) trade secrets or other confidential research, development, or commercial information; (2) personally identifiable information relating to a Party or third parties; and (3) information that a Party is contractually required to keep confidential.

c.    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

d.    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

e.    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, tangible things, and electronically stored information ("ESI")), that are produced or generated in disclosures or in formal or informal responses to discovery in this matter.

f.    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party to serve as an expert witness or as a consultant in this action.

g.    <u>House Counsel</u>:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

h.    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

i.    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party.

j.    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, Experts, and Outside Counsel of Record (and their support staffs).  "Party," however, does not include any members of the putative class other than the named Plaintiffs in this action.  Should amended pleadings naming additional individuals or entities as named plaintiffs or defendants be filed, such individuals or entities will also be included within the definition of "Party" for purposes of this Order.

k.    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

l.    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

m.    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

n.    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      **SCOPE**

      a.      The protections conferred by this Order cover not only Protected Material (as defined above), but also all work product and other materials referencing Protected Material, including but not limited to (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties, their Counsel, or Experts that might reveal Protected Material.

      b.      This Stipulation and Order is entered without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to seek to modify this Order in any way, including without limitation, an order that certain matter not be produced at all.

      c.      Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The Court shall retain jurisdiction to enforce the terms of this Order.

5.      **DESIGNATING PROTECTED MATERIAL**

      a.      <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

4

protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

      i.      for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

      ii.      for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify all protected testimony in writing within fourteen (30) calendar days after the date on which the court reporter makes available to all Parties the certified transcript of the proceeding.  All testimony given in deposition or other pretrial or trial proceedings shall automatically be treated as Protected Material until this deadline (*i.e.*, 30 calendar days after the court reporter makes available the certified transcript of the proceedings to all Parties).

Any Protected Material that is used in the taking of the deposition shall remain subject to the provisions of this Order, along with the deposition transcript pages containing testimony about

Protected Material and the portions of any video recording of the deposition which contain testimony about Protected Material.  Counsel for any Producing Party shall have the right to exclude from oral depositions any person who is not authorized by this Protective Order to receive or access Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

iii.      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

iv.      for electronically stored information produced in native format, that the Producing Party shall include a slipsheet indicating whether the file contains "CONFIDENTIAL" material.  When electronic files or documents are printed for use at deposition or in court proceedings, the party printing the electronic files or documents shall affix to the printed document the slipsheet associated with the native file.

b.      <u>Inadvertent Failures to Designate</u>.  If timely corrected through a supplemental designation, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  A correction and supplemental designation is timely if it is made within twenty-one (21) calendar days of the Designating Party's discovery of the failure to designate. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

a.      <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.

b.      <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The Parties shall attempt to resolve each challenge in good faith.

c.      <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party may apply to the Court under seal for a ruling whether the material in question should be treated as "CONFIDENTIAL" under this Order. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      **ACCESS TO AND USE OF PROTECTED MATERIAL**

a.      <u>Basic Principles</u>. A Receiving Party, including their Counsel, may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected shall not be used for any other purpose, and shall not be disclosed to any Non-Party, including the press or the public. Material may be disclosed only to the categories of persons and under the

conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

b.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

i.    the Receiving Party's Outside Counsel of Record in this action, as well as employees of its Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

ii.    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

iii.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

iv.    the court and its personnel;

v.    court reporters and their staff, professional deposition videographers to whom disclosure is reasonably necessary for this litigation;

vi.    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

vii.    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be

Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court, as well as any deposition counsel of those witnesses.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

                    viii.       the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

                    ix.       any mediator, arbitrator, or other dispute resolution professional who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain the confidentiality to the same degree as required by this Order;

                    x.       any other person with the prior written consent of the Producing Party.

### 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A Receiving Party served with a subpoena shall not produce Protected Material designated by another Party or Non-Party absent an order compelling such production by a court with lawful jurisdiction. If a subpoena or court order compels a Receiving Party to produce Protected Material designated by another Party or Non-Party, the Receiving Party shall not produce the Protected Material until the following process is followed:

        a.       The Receiving Party must promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order.

        b.       The Receiving Party must promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the

subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order,

       c.     The Designating Party may object or seek a protective order from this Court within a reasonable time period, not to exceed twenty-eight (28) days of receiving the notice and accompanying information from the Receiving Party.

       d.     If the Designating Party fails to object or seek a protective order from this Court within the response period in paragraph c., the Receiving Party must notify the Designating Party in writing and at least fourteen (14) days in advance that the Receiving Party intends to produce the Protected Material.

       e.     If the Designating Party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice in paragraph d., the Receiving Party may produce the Protected Material responsive to the subpoena or court order.

       f.     If the Designating Party timely objects or seeks a protective order, the Receiving Party shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and its own expenses of seeking protection in that court of the Protected Material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this action and designated by the Non-Party or a Party as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief

provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is in possession of a Non-Party's confidential information that is responsive to a Party's discovery request in this action, but subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, the possessing Party will notify the requesting Party of that fact in the possessing Party's responses and objections to the discovery request. Nothing in this paragraph will be construed as requiring a possessing Party to provide the identity of Non-Parties where that information is itself confidential nor will anything in this paragraph be construed as allowing a possessing Party not to provide the identity of Non-Parties where the possessing Party deems that information confidential. If the Non-Party agrees to the production of its confidential information, the parties will meet and confer to determine whether it is necessary for the possessing Party also to produce the confidential information from its own files or, alternatively, to identify those documents that were in its possession but were produced by the Non-Party.

## 10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A, and (e) promptly provide the Designating Party with a copy of the executed "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A and

promptly notify the Designating Party once such unauthorized copies of Protected Material have been retrieved and/or destroyed.

## 11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

a.      All Parties are specifically afforded the protections of Federal Rule of Evidence 502(b) for any produced document that is or may reasonably be subject to a legally recognizable privilege ("Privileged Document"). The disclosure or production, whether inadvertent or otherwise, of Privileged Document(s) by a producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a receiving Party, shall in no way constitute the voluntary disclosure of such Privileged Document(s), and the disclosure or production of any Privileged Document(s) in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Privileged Document(s) as to the receiving Party or any third parties.

b.      If the Producing Party determines it has produced Privileged Document(s), the obligations of the Producing and Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

c.      Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents or ESI (including metadata) for segregation of privileged and/or otherwise protected information before production.

## 12.   MISCELLANEOUS

a.      Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

        b.     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

        c.     <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record in this action, including with the Court or with any entity with review or appellate jurisdiction.  Pursuant to Local Rule of Civil Procedure 5.1.5, Protected Material may only be filed under seal pursuant to a court order.  If a Receiving Party's request to file Protected Material under seal pursuant to Local Civil Rule 5.1.5 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

        d.     <u>Conferences, Hearings, or Trials</u>. The Parties will meet and confer prior to any conference, hearing or trial in this action regarding how any evidence designated as CONFIDENTIAL shall be presented at the hearing or trial. The Parties shall thereafter present, prior to the conference, hearing, or trial in this action and pursuant to any timing constraints set forth by the Court, their proposed approach, and any disputes thereto, regarding the presentation of such evidence for approval or consideration by the Court. The Court may direct any additional steps or modifications to this Order to maintain the confidentiality of such materials.

        e.     <u>Modification</u>.  This Order may not be waived, modified, abandoned or terminated, in whole or in part, by the Parties except by Court order.  If any provision of this Order shall be held invalid for any reason, the remaining provisions shall not be affected.  The Court may modify this Order *sua sponte* in the interest of justice and has the right to allow disclosure of any

subject covered by this stipulation or to modify this stipulation at any time in the interest of justice. The United States District Court for the Eastern District of Pennsylvania is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protections of this Order shall be resolved by the United States District Court for the Eastern District of Pennsylvania.

        f.    <u>Discovery Rules Remain Unchanged</u>.  Except as expressly provided, nothing in this Order shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Eastern District of Pennsylvania, or the Court's own orders.

## 13.    FINAL DISPOSITION

Within 90 days after the final disposition of this action, as defined in Section 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material, at the option of the Receiving Party.  A party destroying or returning Confidential Information shall also make all reasonable efforts to ensure that any individuals to whom the destroying or returning party provided Protected Material (*e.g.*, expert witnesses, litigation support providers, actual or potential fact witnesses) also destroy or return any Protected Material. Any party shall, on request of the producing party, certify the fact of destruction.

Notwithstanding the above requirements to destroy documents, Parties shall not be required to locate, isolate, and delete e-mails and other correspondence (including attachments to emails) that may include Protected Material, provided that such information and documents shall remain subject to the terms of this order. Counsel may retain (1) attorney work product, including an index that refers or relates to designated Protected Material, and (2) one complete set of all documents filed with the court, including those filed under seal, and (3) expert reports, consultant/expert work product,

14

and trial, deposition, and hearing transcripts. Any retained Protected Material shall continue to be protected under this order.

**IT IS SO STIPULATED**, through counsel of record.

Dated: June 9, 2022

| | |
|---|---|
| **BAILEY & GLASSER LLP** | **GROOM LAW GROUP, CHTD.** |
| | |
| By: _____ | By:_____ |
| Patricia Mulvoy Kipnis (PA Bar No. 91470) | Lars C. Golumbic (*pro hac vice*) |
| 923 Haddonfield Road, Suite 300 | William J. Delany (PA Bar No. 74864) |
| Cherry Hill, NJ 08002 | Andrew D. Salek-Raham (*pro hac vice*) |
| T: (856) 324-8219 | 1701 Pennsylvania Ave., NW, Suite 1200 |
| F: (304) 342-1110 | Washington, DC 20006 |
| pkipnis@baileyglasser.com | Telephone: (202) 857-0620 |
| | Facsimile: (202) 659-4503 |
| Gregory Y. Porter (*pro hac vice*) | lgolumbic@groom.com |
| Ryan T. Jenny (*pro hac vice*) | wdelany@groom.com |
| 1055 Thomas Jefferson Street, NW, Suite 540 | asalek-raham@groom.com |
| Washington, DC 20007 | |
| T: (202) 463-2101 | *Attorneys for Defendants Miguel Paredes and* |
| F: (202) 463-2103 | *Prudent Fiduciary Services, LLC* |
| gporter@baileyglasser.com | |
| rjenny@baileyglasser.com | **HOLLAND & KNIGHT LLP** |
| | |
| Patrick O. Muench (*pro hac vice*) | By: _____ |
| 318 W. Adams, Suite 1606 | Lynn E. Calkins (PHV, D.C. Bar No. 445854) |
| Chicago, IL 60606 | Adam Adcock (PHV, D.C. Bar No. 1672136) |
| T: (312) 995-7143 | 800 17th Street, N.W., Suite 1100 |
| F: (314) 863-5483 | Washington, D.C. 20006 |
| pmuench@baileyglasser.com | T: (202) 457-7041 |
| | F: (202) 457-7010 |
| Laura E. Babiak (*pro hac vice*) | Lynn.Calkins@hklaw.com |
| 209 Capital Street | Adam.Adcock@hklaw.com |
| Charleston, WV 25301 | |
| T: (304) 345-6555 | James E. DelBello (ID No. 78638) |
| F: (304) 342-1110 | 2929 Arch Street |
| lbabiak@baileyglasser.com | Philadelphia, PA 19104 |
| | (215) 252-9524 |
| *Attorneys for Plaintiffs* | James.DelBello@hklaw.com |

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By:_____
Michelle C. Yau (*pro hac vice*)
Mary J. Bortscheller (*pro hac vice*)
Daniel R. Sutter (*pro hac vice*)
Laura E. Older (*pro hac vice*)
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
(202) 408-4600
myau@cohenmilstein.com
mbortscheller@cohenmilstein.com
dsutter@cohenmilstein.com

*Attorneys for Defendant James A. Wells*

*Attorneys for Plaintiffs*

So Ordered.

Dated:   June 13, 2022

/s/ Harvey Bartle III
_____
Hon. Harvey Bartle, III
U.S. District Court Judge