UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARI AHRENDSEN, BARRY CLEMENT, LISA BUSH, and THOMAS KALLAS, on behalf of the World Travel, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>PRUDENT FIDUCIARY SERVICES, LLC, et. al.,<br><br>    Defendants. | Case No. 2:21-CV-02157-HB |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

Plaintiffs Shari Ahrendsen, Barry Clement, Lisa Bush, and Thomas Kallas, individually and as Class Representatives ("Plaintiffs" or "Class Representatives"), have moved, pursuant to Federal Rule of Civil Procedure 23, for an order preliminarily approving the settlement of this Action and for certification of a settlement class, in accordance with the Class Action Settlement Agreement dated January 25, 2023 (the "Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for a proposed settlement of this action. The Court, having read and considered the Settlement Agreement, the Motion and the exhibits thereto, HEREBY ORDERS that:

1. **Settlement.** Plaintiffs, on behalf of themselves and all members of the Settlement Class, and Defendants Prudent Fiduciary Services, LLC ("PFS"), Miguel Paredes ("Paredes" and together with PFS, the "Trustee"), and James A. Wells ("Wells" and together with PFS and

Paredes, the "Defendants"), have negotiated a potential settlement to this action to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims (as defined in the Settlement Agreement) against the Trustee and Wells and the other Releasees (as defined in the Settlement Agreement).

2. **Definitions**. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

3. **Jurisdiction**. This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all Class Members, and venue in this Court is proper.

4. **Preliminary Approval**. The Court hereby preliminarily approves the Settlement Agreement as fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below. The Court finds on a preliminary basis that the Settlement Agreement falls within the range of reasonableness and was the product of informed, good-faith, arm's-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval.

5. **Settlement Class**. The Court certifies the Settlement Class as all persons who, at any time on or prior to January 1, 2023, were vested participants in the ESOP and the beneficiaries of such participants. Excluded from the Settlement Class are the shareholders who sold their World Travel, Inc. stock to the ESOP, directly or indirectly, and their immediate families; the directors of World Travel, Inc. and their immediate families; and legal representatives, successors, and assigns of any such excluded persons. The members of the Settlement Class are the "Class Members."

6. **Class Representatives and Class Counsel.** The Court appoints Plaintiffs Shari

Ahrendsen, Barry Clement, Lisa Bush, and Thomas Kallas as Class Representatives, and the law firms Bailey & Glasser LLP and Cohen Milstein Sellers & Toll, PLLC as Class Counsel.

7.  **Final Approval Hearing.** A hearing (the "Fairness Hearing") shall be held before this Court, on June 12, 2023, at 2:00 p.m., at the United States District Court for the Eastern District of Pennsylvania, in the courtroom of Judge Harvey Bartle III, located at the James A. Byrne U.S. Courthouse, 601 Market Street, Courtroom 16-A, Philadelphia, Pennsylvania 19106, to determine, among other things: (i) whether the proposed Settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (ii) whether a Final Order as provided in Paragraph 1.6 of the Settlement Agreement should be entered; (iii) whether the Parties should be bound by the Releases set forth in Paragraph 3 of the Settlement Agreement; and (iv) any amount of fees and expenses that should be awarded to Class Counsel and any Service Award to the Class Representatives for their representation of the Settlement Class. The Parties shall include the date of the Fairness Hearing in the Class Notice to be mailed to the Settlement Class.

8.  **Class Notice**. The Court approves the form, substance and requirements of the proposed Class Notice, attached to the Settlement Agreement as Exhibit 1-A. The Court further finds that the form, content and mailing of the Class Notice meet the requirements of Rule 23 and due process. The Court further finds that this is the best notice practicable under the circumstances and is reasonably calculated, under all the circumstances, to apprise potential Class Members of the pendency of this action, and to apprise Class Members of their right to object to the proposed Settlement and their right to appear at the Fairness Hearing. The Court further finds that the Class Notice constitutes valid, due and sufficient notice to all persons entitled to notice.

9. **Settlement Administrator.**  The Court appoints Analytics Consulting, LLC

("Settlement Administrator") to supervise and administer the notice procedure as more fully set forth below:

   a. Within thirty (30) days after this Order (the "Notice Date"), Plaintiffs shall cause the Class Notice to be disseminated to the Class Members and shall post the Class Notice, and the operative Second Amended Complaint in this action, as well as contact information for the Settlement Administrator and Class Counsel, on a website for the Settlement Class;

   b. the Class Notice shall be substantially in the form of Exhibit 1-A to the Settlement Agreement (though the Settlement Administrator shall have discretion to format the Class Notice in a reasonable manner to minimize mailing or administration costs), by first class U.S. mail to each individual Class Member;

   c. Following the issuance of the Class Notice, the Settlement Administrator shall provide counsel with written confirmation of the mailing;

   d. Class Members who have the option to choose to receive their payment either by check or as a deposit into an individual retirement account or other eligible retirement plan, by completing an Election Form must do so by returning the election by April 3, 2023; and

   e. The Settlement Administrator shall otherwise carry out its duties as set forth in the Settlement Agreement.

   10.   **Objections**. Any Class Member may object to the proposed Settlement, or any aspect of it, and may object to attorneys' fees, expenses, and Service Awards, by filing a written objection with the Clerk of Court, U.S. District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, Room 2609, 601 Market Street, Philadelphia, PA 19106, on or

before twenty-one (21) calendar days before the Fairness Hearing. A copy of the objection must also be mailed to Class Counsel and Defendants' Counsel, so that it is received on or before fifteen (15) calendar days before the Fairness Hearing. To be valid, the objection must set forth, in clear and concise terms: (a) the case name and number (*Ahrendsen v. Prudent Fiduciary Services, LLC*, Case No. 2:21-cv-02157-HB); (b) the name, address, and telephone number of the objector objecting and, if represented by counsel, of his or her counsel; (c) the complete basis for objection; (d) a statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel; (e) a statement of whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and (f) copies of all supporting documents. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Fairness Hearing, and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, and to the award of attorneys' fees and expenses to Class Counsel and the payment of a Service Award to the Class Representatives for their representation of the Settlement Class, unless otherwise ordered by the Court. Responses to objections shall be filed seven (7) days before the Fairness Hearing.

**11.     Appearance of Objectors at Fairness Hearing**. Any Class Member who files and serves a written objection in accordance with Paragraph 10 of this Order may appear, in person or by counsel, at the Fairness Hearing, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector: (a) files with the Clerk of the Court a notice of intention to appear at the Fairness Hearing by the objection deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and

Defense Counsel by the objection deadline.

The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objector will present to the Court in connection with the Fairness Hearing. Any Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Settlement Agreement and Class Notice shall be deemed to have waived his or her right to appear at the Fairness Hearing.

12. **Service of Motion for Final Approval**. The motion in support of final approval of the Settlement shall be filed and served no later than forty-five (45) calendar days prior to the Fairness Hearing; any objections to the motion for final approval shall be filed no later than twenty-one (21) days prior to the Fairness Hearing; and any response to any objections shall be filed no later than seven (7) days prior to the Fairness Hearing.

13. **Fees, Expenses, and Awards**. Class Counsel's application for attorneys' fees and expenses and Class Representative Service Awards shall be filed and served no later than forty-five (45) calendar days prior to the Fairness Hearing; any objections to the motion for final approval shall be filed no later than twenty-one (21) days prior to the Fairness Hearing; and any response to any objections shall be filed no later than seven (7) days prior to the Fairness Hearing. Neither the Trustee nor Wells shall have any responsibility for any application for attorneys' fees and expenses or Service Awards request submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. The Court's approval or disapproval of the Settlement, and the effectiveness of the Settlement Agreement, shall not be contingent on the Court's approval or disapproval of the requested attorneys' fees, expenses, or Service Awards. At or after the Fairness Hearing, the Court shall determine whether any application for attorneys' fees and expenses, and any Service Awards to

the Class Representatives for their representation of the Settlement Class, should be approved.

14. **Releases**. If the Settlement is finally approved, the Plaintiffs and the Settlement Class shall release the Releasees from all Released Claims and all Parties will be bound by the Final Approval Order.

15. **Injunction**. Pending the Fairness Hearing, the Court hereby enjoins any Class Member from instituting, asserting or prosecuting against any Defendant, in any pending or future action in any federal or state court or any other forum, any Released Claim that the member currently has or may have in the future.

16. **Use of Order**. Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of the Trustee or Wells. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this action. In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in this action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

17. **Continuance of Fairness Hearing**. The Court reserves the right to continue the date of the Fairness Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if

appropriate, without further notice to the Settlement Class.

18.     **Stay of Proceedings**. All proceedings in this action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

19.     **No Merits Determination**. By entering this Order, the Court does not make any determination as to the merits of this case.

20.     **Jurisdiction**. This Court retains jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement.

**IT IS SO ORDERED**


Dated: January 30, 2023                     /s/ Harvey Bartle III
                                            THE HONORABLE HARVEY BARTLE III
                                            U.S. DISTRICT COURT JUDGE